## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**ELLA DUNBAR,** on behalf of
herself and all others similarly situated,

                Plaintiff,

**vs.**                         CASE NO. _____

**SYMMETRY MANAGEMENT CORP.**
d/b/a **BCC FINANCIAL MANAGEMENT SERVICES, INC.**,

                Defendant.
_____/

## CLASS ACTION COMPLAINT
## JURY DEMAND

### INTRODUCTION

1. On behalf of herself and the putative class, Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA"). Simply put, Defendant sent a dunning letter to Plaintiff that failed to comply with the mandated requirements of the FDCPA by falsely representing that the consumer could invoke their statutory right to obtain verification of the debt and to request the name and address of the original creditor *orally* when the FDCPA requires consumers to dispute debts

*in writing* and to request the name and address of the original creditor *in writing* in order to trigger their statutory rights to such information.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, 1367 and 15 U.S.C. § 1692k. Venue in this District is proper because Plaintiff resides here and Defendant mailed letters into this District.

## PARTIES

3. Plaintiff, Ella Dunbar ("Plaintiff" or "Ms. Dunbar") is a natural person and a citizen of the State of Florida, residing in Hillsborough County in the Middle District of Florida.

4. Defendant, Symmetry Management Corp. d/b/a BCC Financial Management Services, Inc. ("Defendant") is a Florida corporation with its principal place of business and corporate offices in Fort Lauderdale, Florida. Defendant regularly conducts business in the State of Florida including the Middle District of Florida.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties.

7. Defendant is a "debt collector" as that term is defined in the FDCPA and the FCCPA.

8. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9. Defendant sought to collect from Plaintiff a debt that if incurred at all was incurred primarily for personal, family, or household purposes. Specifically, Defendant attempted to collect a medical debt allegedly owed by Ms. Dunbar for medical services allegedly rendered to Ms. Dunbar by Tampa General Hospital on December 3, 2017. Hereinafter referred to as the "alleged debt."

10. On or about November 18, 2018, Defendant sent a letter to Ms. Dunbar seeking to collect the alleged debt. A copy of the November 18, 2018 dunning letter is attached as Exhibit "A." (The letter has been redacted to comply with Fed. R. Civ. P. 5.2 "Privacy Protection for Filings Made with the Court".)

11. Section 1692g(a) of the FDCPA requires debt collectors to provide consumers with a notice of debt that contains, in part, the following information:

> (4) a statement that if the consumer notifies the debt collector *in writing* within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain

> verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's *written* request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. §§ 1692g(a)(4)(5) (emphasis added).

12. Pursuant to section 1692g(b),

> If the consumer notifies the debt collector *in writing* within the thirty-day period . . . that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

15 U.S.C. § 1692g(b) (emphasis added).

13. The November 18, 2018 dunning letter states in part:

> If you dispute the debt or any portion thereof by **writing *or calling*** this office within 30 days after receiving this notice this office will obtain verification of the debt or a copy of a judgment and mail you a copy of such judgment or verification. If you request this office by **writing *or calling*** within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

(emphasis added).

14. 15 U.S.C. § 1692e(10) states that:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general

> application of the foregoing, the following conduct is a violation of this section:
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15. The November 18, 2018 dunning letter quoted above in paragraph 13, misleadingly omits the in writing requirement for disputing, and obtaining verification of, the debt, as required by 15 U.S.C. § 1692g(a)(4).

16. The November 18, 2018 dunning letter quoted above in paragraph 13, misleadingly omits the writing requirement for requesting the name and address of the original creditor as required by 15 U.S.C. § 1692g(a)(5).

17. The Eleventh Circuit has held that 1692g notices provided by debt collectors that omit the in writing requirement for disputing, and obtaining verification of, the debt omit a material term required by section 1692g(a) and by doing so misstate that consumers can trigger verification rights under section 1692g(b) by disputing the debt orally constituting a false, deceptive, or misleading behavior under section 1692e of the FDCPA. *Bishop v. Ross Earle & Bonan, P.A.*, 817 F. 3d 168 (11th Cir. 2016) (reversing the district court's dismissal of the consumer's claims under sections 1692g and 1692e of the FDCPA).

18. In enacting the FDCPA, Congress plainly sought to curb harassment or abuse at the hands of debt collectors, elevating this to the status of a legally cognizable injury and identified the private legal right of consumers to be entitled to receive the language that Congress, in its judgment, included in 15 U.S.C. § 1692g in communications from debt collectors.

19. Defendant's failure to provide the information required by 15 U.S.C. § 1692g deprived Plaintiff and other consumers of information regarding private legal rights that Congress specifically identified they should have, and created a substantial risk that the consumers would not be able to exercise their rights under the FDCPA.

20. Any potential *bona fide* error defense which relies upon Defendant's mistaken interpretation of the legal duties imposed upon them by the FDCPA would fail as a matter of law. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A.*, 559 U.S. 573 (2010).

### CLASS ACTION ALLEGATIONS

21. Plaintiff brings this action on behalf of the classes: the "FDCPA Class" and the "FCCPA Class."

22. The FDCPA Class is brought pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) and is defined as (i) all persons with addresses in

the state of Florida (ii) to whom letters were sent containing the phrase, "If you dispute the debt or any portion thereof by writing or calling this office within 30 days after receiving this notice this office will obtain verification of the debt or a copy of a judgment and mail you a copy of such judgment or verification. If you request this office by writing or calling within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor." (iii) in an attempt to collect a debt incurred for personal, family, or household purposes (iv) which were not returned undelivered by the U.S. Post Office (v) during the one year period prior to the filing of the original complaint in this action through the date of certification.

23.  The FCCPA Class is brought pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2) and 23(b)(3) and is defined as (i) all persons with addresses in the state of Florida (ii) to whom letters were sent containing the phrase, "If you dispute the debt or any portion thereof by writing or calling this office within 30 days after receiving this notice this office will obtain verification of the debt or a copy of a judgment and mail you a copy of such judgment or verification. If you request this office by writing or calling within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor." (iii)

in an attempt to collect a debt incurred for personal, family, or household purposes (iv) which were not returned undelivered by the U.S. Post Office (v) during the two year period prior to the filing of the original complaint in this action through the date of certification.

24. Hereinafter, the FDCPA Class and the FCCPA Class at times shall be collectively referred to as "Class Members" or "Classes."

25. Plaintiff alleges on information and belief based upon Defendant's use of the phrase, "If you dispute the debt or any portion thereof by writing or calling this office within 30 days after receiving this notice this office will obtain verification of the debt or a copy of a judgment and mail you a copy of such judgment or verification. If you request this office by writing or calling within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor." in its letters which omits the writing requirement for disputing, and obtaining verification of, the debt, and for requesting and obtaining the name and address of the original creditor served upon the Class is so numerous that joinder of all members of the Class is impractical.

26. There are questions of law or fact common to the Classes, which common issues predominate over any issues involving only individual Class Members. The common factual issue common to each Class Member is that

each was sent a letter containing the phrase, "If you dispute the debt or any portion thereof by writing or calling this office within 30 days after receiving this notice this office will obtain verification of the debt or a copy of a judgment and mail you a copy of such judgment or verification. If you request this office by writing or calling within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor." that omits the writing requirement for disputing, and obtaining verification of, the debt, and for requesting and obtaining the name and address of the original creditor.

27. The principal legal issue is whether Defendant's letters containing the above phrase violate the FDCPA by misleading the least sophisticated consumer to believe they can trigger their rights under section 1692g(b) orally.

28. Plaintiff's claim is typical of those of the Class Members; all are based on the same facts and legal theories.

29. Plaintiff will fairly and adequately protect the interests of the Classes. She has retained counsel experienced in handling actions involving unlawful practices under the FDCPA and class actions. Neither Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue this action.

30. Certification of the Classes under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that:

(1) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

(2) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

31. Certification of the FCCPA Class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that Defendant has acted, or refused to act, on grounds generally applicable to the FCCPA Class Member in that Defendant has engaged in a routine and systematic course of conduct; namely omitting the in writing requirement for disputing, and obtaining verification of, the debt, as required by 15 U.S.C. § 1692g(a)(4) and for requesting and obtaining the name and address of the original creditor as required by 15 U.S.C. § 1692g(a)(5).

32. Injunctive and declaratory relief is appropriate with respect to the FCCPA Class Members as a whole under the FCCPA as a result of Defendant's routine and systematic course of conduct.

33. Plaintiff requests certification of the FDCPA Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure for monetary damages; her appointment as Class Representative; and that her attorneys from the Consumer Rights Law Group be appointed Class Counsel.

34. Plaintiff requests certification of the FCCPA Class under Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure for monetary damages; declaratory and injunctive relief; her appointment as Class Representative; and that her attorneys from the Consumer Rights Law Group be appointed Class Counsel.

## COUNT I
## VIOLATION OF THE FDCPA, 15 U.S.C. § 1692g(a)

35. Plaintiff incorporates Paragraphs 1 through 34 above as if fully set forth herein.

36. Defendant's letter incorrectly omits the writing requirement to dispute, and request verification of, the debt as required by 15 U.S.C. §1692g(a)(4), and for requesting the name and address of the original creditor as required by 15 U.S.C. § 1692g(a)(5).

37. As a result of Defendant's conduct, Plaintiff and the FDCPA Class are entitled to an award of statutory damages pursuant to 15 U.S.C. § 1692k.

38. As a result of Defendant's conduct, Plaintiff and the FDCPA Class are entitled to an award of costs and attorney's fees pursuant to 15 U.S.C. § 1692k.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the FDCPA Class against Defendant for:

    a.  Damages;

    b.  Attorney's fees, litigation expenses and costs of suit; and

    c.  Such other or further relief as the Court deems proper.

## COUNT II
## VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(10)

39.    Plaintiff incorporates Paragraphs 1 through 34 above as if fully set forth herein.

40.    Defendant's letter incorrectly omits the writing requirement to dispute, and request verification of, the debt as required by 15 U.S.C. §1692g(a)(4), and for requesting the name and address of the original creditor as required by 15 U.S.C. § 1692g(a)(5).

41.    Defendant's debt-collection letter would be confusing and misleading to the least sophisticated consumer with regard to their legal rights as it omits the writing requirement for disputing, and requesting verification of, the debt, and for requesting the name and address of the original creditor thereby misleading the consumers to believe that they can trigger their rights under section 1692g(b) of the FDCPA orally.

42.    Defendant used a false representation or deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

43. As a result of Defendant's conduct, Plaintiff and the FDCPA Class are entitled to an award of statutory damages pursuant to 15 U.S.C. § 1692k.

44. As a result of Defendant's conduct, Plaintiff and the FDCPA Class are entitled to an award of costs and attorney's fees pursuant to 15 U.S.C. § 1692k.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the FDCPA Class against Defendant for:

   a. Damages;

   b. Attorney's fees, litigation expenses and costs of suit; and

   c. Such other or further relief as the Court deems proper.

## COUNT III
## VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(9)

45. Plaintiff incorporates Paragraphs 1 through 34 above as if fully set forth herein.

46. Pursuant to section 559.72(9) of the FCCPA, "In collecting debts, no person shall . . . assert the existence of some other legal right when such person knows that the right does not exist."

47. In determining what constitutes a misrepresentation of a legal right under section 559.72(9), the court "must refer to other statutes that

establish the legitimacy of a debt and define legal rights." *See Cliff v. Payco Gen. American Credits, Inc.*, 363 F.3d 1113, 1126 (11th Cir. 2004).

48. Misrepresentations of a consumer's validation rights pursuant to section 1692g of the FDCPA are assertions of legal rights that can violate section 559.72(9) of the FCCPA. *See Gaalswyk-Knetzke v. Receivable Mgmt. Servs. Corp.*, 2008 U.S. Dist. LEXIS 44152 (M.D. Fla. May 27, 2008) (holding that violation of the FDCPA prohibition against overshadowing can constitute violation of the 559.72(9)); *Narvaez v. Specialized Loan Servicing, LLC*, 2015 U.S. Dist. LEXIS 51552 (M.D. Fla. Apr. 20, 2015) (holding that misstatements of 1692g are tantamount to asserting a non-existent legal right and can violate section 559.72(9)).

49. Defendant's dunning letter violates the FCCPA, Fla. Stat. § 559.72(9) by asserting the existence of a legal right with knowledge that such right does not exist.

50. Specifically, by omitting the writing requirement to dispute, and request verification of, and for requesting the name and address of the original creditor Defendant asserts to the least-sophisticated consumer that they can trigger their rights under section 1692g(b) of the FDCPA orally.

51. Defendant knows consumers cannot trigger their rights under 1692g(b) orally.

52. This assertion is in direct contradiction of the Plaintiff and the FCCPA Class Members legal rights under the FDCPA, which plainly requires that disputes and requests for the names and addresses of the original creditor must be in writing to trigger the verification rights of 15 U.S.C. § 1692g(b).

53. As a result of Defendant's conduct, Plaintiff and the FCCPA Class are entitled to an award of statutory damages pursuant to the FCCPA, Fla. Stat. § 559.77.

54. As a result of Defendant's conduct, Plaintiff and the FCCPA Class are entitled to an award of costs and attorney's fees pursuant to Fla. Stat. § 559.77.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the FCCPA Class against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT IV
## DECLARATORY AN INJUNCTIVE RELIEF

55. Plaintiff incorporates Paragraphs 1 through 34 above as if fully set forth herein.

56. Plaintiff, for herself and the FCCPA Class Members, pursuant to the FCCPA, Fla. Stat. § 559.77(2), seeks a declaration that the above-

described practices of Defendant, namely omitting the writing requirement to dispute, and request verification of the debt, and for requesting the name and address of the original creditor in its letters, violates the Florida Consumer Collection Practices Act, and further requests an injunction against such further practices by Defendant.

57. The count seeks a determination as to the rights, status, and legal relationships of the parties relating to Defendant's practice of utilizing letters that omit the writing requirement to dispute, and request verification of the debt.

58. This Court has jurisdiction to issue a declaration as to the legality of the complained-of conduct, under Florida's Declaratory Judgment Act, Chapter 86, Florida Statutes, and section 559.77(2) of the FCCPA.

59. By virtue of the facts recited above, an actual, justiciable controversy exists between the parties relating to their legal rights and duties stemming from the usage and effect of the letters that omit the writing requirement to dispute, and request verification of the debt, and for requesting the name and address of the original creditor on Plaintiff and the FCCPA Class Members.

60. The debt-collection letters impermissibly and unlawfully lead the Plaintiff and the Class Members to believe that they can trigger their rights under 15 U.S.C. § 1692g(b) orally.

61. Debt collection of this type, namely the use of the debt-collection letters that omit the writing requirement to dispute, and request verification of the debt, and for requesting the name and address of the original creditor is unlawful and violate the FCCPA.

62. For the protection of Florida's residents, consumer debtors, and property owners may be subject to the same improper debt collection practices in the future, injunctive relief preventing additional instances of the same conduct is required.

## JURY DEMAND

Plaintiff demands trial by jury.

/s/ James S. Giardina
[ X ] James S. Giardina – Trial Counsel
Fla. Bar No. 0942421
[   ] Kimberly H. Wochholz
Fla. Bar No. 0092159
**The Consumer Rights Law Group, PLLC**
3104 W. Waters Avenue, Suite 200
Tampa, Florida 33614-2877
Tel: (813) 435-5055 ext 101
Fax: (866) 535-7199
James@ConsumerRightsLawGroup.com
Kim@ConsumerRightsLawGroup.com
*Counsel for Plaintiff*