UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
(TAMPA DIVISION)

ELLA DUNBAR, on behalf of herself
and all others similarly situated,

    Plaintiff,

vs.   CASE NO. 8:19-cv-000715-CEH-TGW

SYMMETRY MANAGEMENT CORP. d/b/a
BCC FINANCIAL MANAGEMENT
SERVICES, INC.

    Defendants.
_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT - CLASS ACTION

COMES NOW, Defendant SYMMETRY MANAGEMENT CORP. d/b/a BCC FINANCIAL MANAGEMENT SERVICES, INC. ("Defendant") by and through its undersigned counsel, and hereby responds to the Class Action Complaint of ELLA DUNBAR, individually and on behalf of all others similarly situated (the "Plaintiff") as follows:

### INTRODUCTION

1. Admits that Plaintiff alleges violations of the cited statutes; denies that Defendant's conduct constitutes a violation of the FDCPA or the FCCPA; Defendants "dunning letter" speaks for itself.

### JURISDICTION AND VENUE

2. Admitted for Jurisdiction and venue purposes only.

### PARTIES

3. Without Knowledge, therefore denied.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

## FACTUAL ALLEGATIONS

9. Admitted.

10. Admitted.

11. Neither admits nor denies; the cited section of the FDCPA speaks for itself.

12. Neither admits nor denies; the cited section of the FDCPA speaks for itself.

13. Neither admits nor denies; the cited section of the FDCPA speaks for itself.

14. Neither admits nor denies; the cited section of the FDCPA speaks for itself.

15. Denied.

16. Denied.

17. Denied in the form alleged; the cited case speaks for itself.

18. Without knowledge; therefore denied.

19. Denied.

20. Denied.

## CLASS ACTION ALLEGATIONS

21. Admits that Plaintiff purports to bring this action on behalf of the identified classes; denies that this action meets the requirements to be maintained as a Class Action.

22. Admits that Plaintiff purports to define the FDCPA Class as stated; denies that this action meets the requirements to be maintained as a Class Action.

23.     Admits that Plaintiff purports to define the FCCPA Class as stated; denies that this action meets the requirements to be maintained as a Class Action.

24.     Admits that the FDCPA and FCCPA Classes are referred to as "Class Members" or "Classes"; denies any implication of liability, or satisfaction of Class Action requirements arising therefrom.

25.     Admits that Plaintiff so alleges; denies the substance of the allegations contained in this paragraph.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Without knowledge; therefore denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Admit that Plaintiff so requests; denies that certification of the FDCPA Class is appropriate under any section of the Federal Rules of Civil Procedure.

34.     Admit that Plaintiff so requests; denies that certification of the FCCPA Class is appropriate under any section of the Federal Rules of Civil Procedure.

## COUNT I
## VIOLATION OF THE FDCPA, 15 U.S.C. § 1692g(a)

35.     Defendant realleges its responses in paragraphs 1 through 34 as if set forth herein fully and at length.

36.     Denied.

37. Denied.

38. Denied.

WHEREFORE, Defendant, Symmetry Management Corp., d/b/a BCC Financial Management Services, Inc. hereby demands judgment in its favor and against the Plaintiff, for interest, cost and reasonable attorney's fees as provided by statute and/or contract and any other relief this court deems just and proper.

## COUNT II
### VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(10)

39. Defendant realleges its responses in paragraphs 1 through 34 as if set forth herein fully and at length.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

WHEREFORE, Defendant, Symmetry Management Corp., d/b/a BCC Financial Management Services, Inc. hereby demands judgment in its favor and against the Plaintiff, for interest, cost and reasonable attorney's fees as provided by statute and/or contract and any other relief this court deems just and proper.

## COUNT III
### VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(9)

45. Defendant realleges its responses in paragraphs 1 through 34 as if set forth herein fully and at length.

46. The cited section of the Florida Statutes speaks for itself.

47. Neither admits nor denies; the cited case speaks for itself.

48. Neither admits nor denies; the cited cases speak for themselves.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

WHEREFORE, Defendant, Symmetry Management Corp., d/b/a BCC Financial Management Services, Inc. hereby demands judgment in its favor and against the Plaintiff, for interest, cost and reasonable attorney's fees as provided by statute and/or contract and any other relief this court deems just and proper.

## COUNT IV
## DECLARATORY AND INJUNCTIVE RELIEF

55. Defendant realleges its responses in paragraphs 1 through 34 as if set forth herein fully and at length.

56. Admits that Plaintiff seeks the stated declaration; denies that Plaintiff is entitled to the requested declaration or any other relief.

57. Admits that Plaintiff seeks the stated determination; denies that Plaintiff is entitled to the requested determination or any other relief.

58. Denied in the form alleged. The Florida Declaratory Judgment Act, and the FCCPA, speak for themselves.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

WHEREFORE, Defendant, Symmetry Management Corp., d/b/a BCC Financial Management Services, Inc. hereby demands judgment in its favor and against the Plaintiff, for interest, cost and reasonable attorney's fees as provided by statute and/or contract and any other relief this court deems just and proper.

Any allegation contained in Plaintiff's Class Action Complaint that is not specifically admitted is hereby denied.

## JURY DEMAND

The Defendant demands a jury trial on all issues so triable.

## AFFIRMATIVE DEFENSES

In further defense of this matter, and without admitting that it has the burden of proving any of the following matters, the Defendants assert the following affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

Each and every claim in the Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The Defendant did not send any notice which could be appropriately characterized as false, misleading or deceptive under or pursuant to the FDCPA and, as such, the Plaintiff's Complaint fails to state a cause of action.

### THIRD AFFIRMATIVE DEFENSE

The violations of the statutes, if any, were unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

### FOURTH AFFIRMATIVE DEFENSE

This action is not maintainable as a class action for failure to meet the requirements of Rule 23 of the Federal Rules of Civil Procedure.

### FIFTH AFFIRMATIVE DEFENSE

Class certification is inappropriate in this action because the alleged class members are not so numerous that separate joinder of each member is impracticable.

### SIXTH AFFIRMATIVE DEFENSE

Class certification is inappropriate because the claims of or defense to each claim of the Plaintiff do not raise questions of law or fact which are common to the claims or defenses to the claims of each member of the class.

### SEVENTH AFFIRMATIVE DEFENSE

Class certification is inappropriate because the claims of or defenses to each claim of the Plaintiff are not typical of the claims of or defenses to the claims of each member of the class.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff cannot maintain this action as a class action because the Plaintiff cannot fairly and adequately protect and represent the interests of each member of the class.

### NINTH AFFIRMATIVE DEFENSE

Class certification is inappropriate because the Plaintiff cannot demonstrate that class litigation is superior to other available means for adjudication of the claims raised in this case.

## TENTH AFFIRMATIVE DEFENSE

Class certification is inappropriate because the prosecution of separate claims or defenses by or against individual members of the purported class will not create a risk of either inconsistent or varying adjudications which will establish incompatible standards of conduct applicable to either the Plaintiff, members of the class or the Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

Class certification is inappropriate because the prosecution of separate claims of or defenses to claims of the Plaintiff and each member of the class will not create a risk of adjudications which would, as a practicable matter, be dispositive of the interests of the Plaintiff and each member of the class, or substantially impair or impede the ability of other members of the class to protect their interests.

## TWELFTH AFFIRMATIVE DEFENSE

Class certification is inappropriate because Defendant has not acted or refused to act on grounds generally applicable to all the members of the class and final injunctive or declaratory relief concerning the class as a whole is not appropriate.

## THIRTEENTH AFFIRMATIVE DEFENSE

Class certification is not appropriate because the questions of law or fact alleged to be common to the claims of or defenses to the claims of the Plaintiff and the claims of or defenses to the claims of each member of the class do not predominate over any questions of law or fact affecting the Plaintiff individually or individual members of the class, and class representation is not superior to other available methods for fair and efficient adjudication of the controversy.

### FOURTEENTH AFFIRMATIVE DEFENSE

Class certification is inappropriate because each member of the class has an interest in individually controlling the prosecution of separate claims or defenses.

### FIFTEENTH AFFIRMATIVE DEFENSE

Class certification is not appropriate because some of the members of the class may be involved in pending litigation in which questions or law or fact controverted in the subject action are to be adjudicated.

### SIXTEENTH AFFIRMATIVE DEFENSE

Class certification is inappropriate because of the difficulties likely to be encountered in management of the claims of or defenses to claims on behalf of a class.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's requests for injunctive relief is barred as Plaintiff has not and cannot establish the four prerequisite elements to establish same. An injunction is an "extraordinary and drastic remedy" that should not be granted unless the movant clearly establishes the "burden of persuasion" as to each of the following four prerequisites: (1) substantial likelihood of success on the merits, (2) that there is a substantial threat plaintiff will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury to the plaintiff outweighs the threatened harm the injunction may cause to the defendant, and (4) that granting of the injunction will not be adverse to the public interest.

/s/ Bennett C. Lofaro
**Bennett C. Lofaro, Esq.**
Florida Bar No. 37129
blofaro@boydlawgroup.com
**Jessica R. Welsh, Esq.**
Florida Bar No. 1005599
jwelsh@boydlawgroup.com
servicetpa@boydlawgrou.com
Boyd Richards Parker & Colonnelli, P.L.
400 North Ashley Drive
Suite 1150
Tampa, Florida 33602
Tel: (813) 223-6021
Fax: (813) 223-6024
Attorney for Defendant

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 21, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I ALSO CERTIFY that the foregoing documents are being served this day on all counsel of record identified on the below Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Bennett C. Lofaro, Esq.
**Bennett C. Lofaro, Esq.**

**SERVICE LIST**

James S. Giardina, Esq.
Kimberly H. Wochholz, Esq.
The Consumer Rights Law Group, PLLC
3104 West Waters Avenue
Suite 200
Tampa, Florida 33614-2877
Tel: (813) 435-5055 ext 101
Fax: (866) 535-7199
james@consumerrightslawgroup.com
kim@consumerrightslawgroup.com
Attorney for Plaintiff