## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**ELLA DUNBAR,** on behalf of
herself and all others similarly situated,

            Plaintiff,

**vs.**                          **CASE NO. 8:19-cv-00715-CEH-TGW**

**SYMMETRY MANAGEMENT CORP.**
d/b/a **BCC FINANCIAL MANAGEMENT
SERVICES, INC.**,

            Defendant.
_____/

### CLASS ACTION SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into between and among Plaintiff, Ella Dunbar ("Plaintiff" of "Mrs. Dunbar"), on behalf of herself and the Settlement Classes (as hereafter defined), and Defendant, Symmetry Management Corp. d/b/a BCC Financial Management Services, Inc. ("Defendant" or "BCC Financial") (collectively, the "Parties").

As provided herein, this Agreement fully and finally compromises and settles any and all claims for any alleged violation of the  Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA") based on the facts alleged in the lawsuit styled *Ella Dunbar v. Symmetry Management Corp. d/b/a BCC Financial Management Services, Inc.*, Case No. 8:19-cv-00715 (the "Litigation").

WHEREAS, on March 25, 2019, Mrs. Dunbar, individually and on behalf of two putative classes, filed a Complaint in the United States District Court for the Middle District of Florida, alleging Defendant violated the FDCPA and FCCPA;

WHEREAS, Mrs. Dunbar alleges that Defendant sent form dunning letters that misstated consumers' verification rights under the FDCPA by falsely representing that the consumer could invoke their statutory verification rights orally when the FDCPA requires that statutory verification rights be invoked in writing and that debt collectors give consumers written notice of that requirement creating a substantial risk that the consumers would not be able to exercise their rights under the FDCPA;

WHEREAS, Mrs. Dunbar alleges that Defendant's misrepresentation of consumers' verification rights under the FDCPA was an assertion by Defendant of a legal right with knowledge that the right does not exist in violation of the FCCPA;

WHEREAS, Mrs. Dunbar alleges that she and other similarly-situated individuals are entitled to statutory damages, attorneys' fees, and costs as a result;

WHEREAS, Defendant filed an Answer denying the material allegations in Mrs. Dunbar's Complaint and alleging eighteen affirmative defenses asserting, among other things, that the dunning letters at issue could not be properly characterized as false, misleading or deceptive under or pursuant to the FDCPA; that any violations were unintentional and resulted from a bona fide error; and that Mrs. Dunbar cannot maintain the class under Rule 23;

WHEREAS, Defendant produced discovery about the class, including the number of potential class members and its net worth;

WHEREAS, the Parties attended an in-person mediation conducted by James R. Betts, a highly-regarded professional mediator, on February 26, 2020. Mrs. Dunbar participated in the conference in-person, along with her attorneys. In addition to its attorneys, Defendant was represented at the mediation in person by its President Mr. Emil Speranza and its Vice President of Marketing Mr. Sammy Aboud. A representative of Defendant's insurer also attended the mediation via telephone;

WHEREAS, the Parties have engaged in substantial arms-length negotiations to resolve the Litigation with a view by Mrs. Dunbar's counsel toward achieving the best possible benefits for the Settlement Classes, and by all Parties to avoid the cost, delay, and uncertainty of further litigation, trial, and potential appellate practice;

WHEREAS, based on their experience handling class actions and consumer protection cases, Mrs. Dunbar's counsel have analyzed the facts and law relevant to this litigation, recognized the uncertainty of the outcome and the substantial expense and delay associated with the continued prosecution of this litigation against Defendant through trial and appeals, and considered that based on the discovery produced as to the number of Class Members (as defined below) and Defendant's net worth and the fact that the U.S. Congress and Florida Legislature have set limits on class liability in FDCPA and FCCPA cases to only 1% of the a defendant's net worth that even if they were to recover the maximum amount allowed by law Class

Members could not receive more than a *de minimis* recovery from the litigation of this case, Mrs. Dunbar and her counsel have concluded the terms and conditions of this Agreement are fair, reasonable, and adequate to the Settlement Class Members;

WHEREAS, Defendant denies any fault, wrongdoing, or liability to Mrs. Dunbar or the Settlement Class Members for any relief, but believes the proposed settlement herein is desirable in order to avoid the further significant burden, expense, risk, and inconvenience of protracted litigation, and the distraction and diversion of its personnel and resources;

WHEREAS, Mrs. Dunbar, on behalf of herself and the Settlement Classes, and Defendant, desire to compromise and forever resolve the disputes between them;

NOW, THEREFORE, in exchange for the mutual covenants and promises contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties and their counsel agree the Litigation is settled on the terms and conditions set forth below, subject to Court approval after a hearing and on finding that the instant settlement is fair, reasonable, and adequate.

## I.    CLASS DEFINITIONS

For purposes of settlement only, the Parties agree to certification of the following Settlement Classes:

### FDCPA CLASS

(i) All persons with addresses in the state of Florida (ii) to whom initial communication letters were sent containing the phrase, "If you dispute the debt or any portion thereof by writing or calling this office within 30 days after receiving this notice this office will obtain verification of the debt or a copy of a judgment and mail you a copy of such judgment or verification. If you request this office by writing or calling within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor." (iii) in an attempt to collect a debt incurred for personal, family, or household purposes (iv) which were not returned undelivered by the U.S. Post Office (v) during the one-year period prior to the filing of the original complaint in this action through the date of certification.

### FCCPA CLASS

(i) All persons with addresses in the state of Florida (ii) to whom initial communication letters were sent containing the phrase, "If you dispute the debt or any portion thereof by writing or calling this office within 30 days after receiving this notice this office will obtain verification of the debt or a copy of a judgment and mail you a copy of such judgment or verification. If you request this office by writing or calling within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor." (iii) in an attempt to collect a debt incurred for personal, family, or household purposes (iv) which were not returned undelivered by the U.S. Post Office (v) during the two-year period prior to the filing of the original complaint in this action through the date of certification.

Defendant represents that, according to its records, the FDCPA Class consists of 45,926 consumers and the FCCPA Class consists of 123,118 consumers. Notwithstanding the foregoing, the Settlement Classes specifically exclude the following persons: Defendant, its officers and directors, their immediate families and their legal representatives, heirs, successors, or assigns, and any entity to which Defendant has or had a controlling interest; the district judge and magistrate judge

presiding over this case, the judges of the United States Court of Appeals for the Eleventh Circuit, and their spouses and minor children; and any individual who opts out of the Settlement Classes as described below.

Persons in the above classes are collectively referenced herein as the "Settlement Classes," and individually as "Settlement Class Members."

## II.    OTHER DEFINITIONS

As used in this Agreement, the following terms have the meanings set forth below. Terms used in the singular shall include the plural and vice versa.

**A.**    "Agreement" means this Settlement Agreement and all attachments and exhibits to it.

**B.**    "Settlement Administrator" shall mean KCC Class Actions Services, LLC ("KCC").

**C.**    "Class Counsel" means

> James S. Giardina, Esq. (Fla. Bar No. 942421)
> The Consumer Rights Law Group, PLLC
> 3104 W. Waters Ave., Ste. 200
> Tampa, Florida 33614

**D.**    "Class Notice" means the proposed notices, in a form substantially similar to that attached hereto as **Exhibit 1**, as approved by the Court.

**E.**    "Class Representative" means Plaintiff Ella Dunbar.

**F.**    "Complaint" means the original complaint filed in this lawsuit.

**G.**    "Counsel for Defendant" means

> Bennett C. Lofaro, Esq. (Fla. Bar No. 37129)
> Boyd Richards Parker & Colonnelli, P.L.
> 400 North Ashley Drive, Suite 1150
> Tampa, Florida 33602

**H.**    "Court" means the United States District Court for the Middle District of Florida, Tampa Division.

**I.**    "Effective Date" means the date on which the Final Order and Judgment becomes final, meaning the time for appealing the order has expired, or any timely appeal has been resolved in favor of approving, or affirming the approval of, this Agreement.

**J.**    "Fairness Hearing" means a hearing set by the Court after publication of the Class Notice for the purpose of finally determining the fairness, adequacy, and reasonableness of this Agreement and settlement pursuant to the applicable rules of civil procedure, applicable law, and other procedural rules or requirements.

**K.**    "Final Order and Judgment" means the order entered by the Court that: (a) approves this Agreement, (b) finds the settlement to be fair, reasonable, and adequate in accordance with the Federal Rules of Civil Procedure, (c) makes such other findings and determinations as the Court deems necessary and appropriate to effectuate the terms of this Agreement, including ruling on Class Counsel's application for attorneys' fees and expenses and the Service Award for the Class Representative, and (d) dismisses with prejudice the claims of the Class Representative and all Settlement Class Members who do not opt out as provided by

this Agreement. The Parties agree to propose entry of the form of Final Order and Judgment attached as **Exhibit 2**.

**L.**     "Service Award" means the payment to the Plaintiff described in Section III below.

**M.**     "Parties" means Plaintiff Ella Dunbar and Defendant Symmetry Management Corp. d/b/a BCC Financial Management Services, Inc.

**N.**     "Preliminary Approval Date" means the date on which the Court enters the Preliminary Approval Order.

**O.**     "Preliminary Approval Order" means an order entered by the Court certifying the Settlement Class and granting preliminary approval to the settlement. The Parties agree to propose entry of the form of Preliminary Approval Order attached as **Exhibit 3**.

**P.**     "Released Claims" means all claims for relief that were raised or could have been raised by Plaintiff and the Settlement Class Members from Defendant's representation that consumers could invoke their statutory verification rights under the FDCPA orally, including, but not limited to, claims arising under the FDCPA and FCCPA.

**Q.**     "Request for Exclusion" means the written request Settlement Class Members must timely submit to opt out of the Settlement Class and this settlement.

**R.**     "Settlement Website" means the website prepared by the Settlement Administrator in connection with the process of providing notice to Settlement Class Members.

**S.**     "Releasees" means Defendant Symmetry Management Corp. d/b/a BCC Financial Management Services, Inc., and each of its respective parent, sister, and subsidiary, corporate and other related entities, and all of their owners, directors, officers, employees, agents, predecessors, successors, assigns, insurers and attorneys.

## III.    SETTLEMENT TERMS

### A.    Certification of Settlement Classes Contingent

Defendant's agreement to certification of the Settlement Classes is contingent on the Parties' execution of this Agreement, entry of the Final Order and Judgment by the Court, and the Final Order and Judgment becoming final and non-appealable. If this Agreement, for any reason, does not receive final approval, if the Final Order and Judgment does not become final, or if the Agreement is otherwise terminated, Defendant's agreement to certification of the Settlement Class shall be null and void, it shall be of no force or effect whatsoever, and it shall not be referred to or utilized for any purpose whatsoever.

### B.    Settlement Consideration

Subject to the terms of this Agreement, Defendant agrees to provide the following relief to Plaintiff and the Classes:

1. *Cy Pres* Distributions:

a.  On behalf of the FDCPA Class, Defendant shall pay to Public

Justice, PC a *cy pres* distribution in the amount of $32,670, which is 1% of

Defendant's net worth and represents the maximum statutory recovery the FDCPA

Class could recover against Defendant in this case. Within 14 days after the Effective

Date, Defendant shall submit proof to Plaintiff's counsel that a check in the amount

of $32,670, made payable to the *cy pres* beneficiary, has been presented to the

beneficiary.

b.  On behalf of the FCCPA Class, Defendant shall pay to St.

Michael's Legal Center for Women and Children, Inc. a *cy pres* distribution in the

amount of $32,670, which is 1% of Defendant's net worth and represents the

maximum statutory recovery the FCCPA Class could recover against Defendant in

this case. Within 14 days after the Effective Date, Defendant shall submit proof to

Plaintiff's counsel that a check in the amount of $32,670, made payable to the *cy pres*

beneficiary, has been presented to the beneficiary.

2.  Equitable Relief:

Defendant agrees to be enjoined from sending dunning letters with the

following Verification Notice, which falsely represents that consumers can invoke

their verification rights orally:

> If you dispute the debt or any portion thereof by writing or calling this office
> within 30 days after receiving this notice this office will obtain verification of the
> debt or a copy of a judgment and mail you a copy of such judgment or
> verification. If you request this office by writing or calling within 30 days after
> receiving this notice, this office will provide you with the name and address of
> the original creditor, if different from the current creditor.

### 3. Class Notice and Settlement Administration

Separate and apart from the *cy pres* distributions Defendant has agreed to make

on behalf of the Classes, Defendant has agreed to bear all costs of class

administration and notice. Defendant agrees to pay those costs directly to the class

administrator in advance of the services necessitating those costs. Plaintiff's counsel

shall be responsible for directing the class administrator.

### 4. Class Plaintiff:

Separate and apart from the *cy pres* distributions that Defendant has agreed to

make on behalf of the Classes, Defendant agrees to pay Plaintiff: individual FDCPA

statutory damages of $1,000.00, individual FCCPA statutory damages of $1,000.00,

and a Service Award of $2,000.00, as approved by this Court. Within 14 days after

the Effective Date, Defendant shall make this payment by way of one check made

payable to The Consumer Rights Law Group, PLLC and mailed to The Consumer

Rights Law Group, PLLC, 3104 W Waters Ave, Suite 200, Tampa, FL 33614.

### 5. Attorney's Fees and Costs

Separate and apart from the *cy pres* distributions that Defendant has agreed to

make on behalf of the Classes, Defendant will pay Class Counsel's reasonable

attorney's fees to be approved by the Court. Plaintiff will apply for an award of

attorney's fees to be calculated via Lodestar. Defendant has agreed not to oppose an

award of up to $25,000 and Plaintiff has agreed not to seek more than $45,000. The

Parties only discussed attorney's fees after they had an agreement in principal

regarding all other terms. Within 14 days after the Effective Date, Defendant shall

make this payment by way of one check made payable to The Consumer Rights Law

Group, PLLC and mailed to The Consumer Rights Law Group, PLLC, 3104 W

Waters Ave, Suite 200, Tampa, FL 33614.

## IV. SETTLEMENT ADMINISTRATION

### A. Settlement Administrator

The Settlement Administrator's activities shall be performed under the Court's

supervision and continuing jurisdiction. The Settlement Administrator's specific

responsibilities include: (i) publishing the Class Notice online and in print as set forth

in section IV(B); (ii) establishing and maintaining a case website that will contain

relevant case documents, important dates, and frequently asked questions; (iii)

processing opt-outs and providing a Declaration of Notice Procedures to the parties

indicating their compliance with the noticing efforts; and (iv) providing automated

telephone support to handle any class member inquiries.

### B. Notice Publication

#### 1. Internet Media Campaign

By the date set by the Court, the Settlement Administrator shall implement a

70% reach media campaign inclusive of internet media, targeting Florida adults 18+

delivered on both desktop and mobile devices via the Google Display Network

(GDN) and the social media site Facebook over a 30-day period.

#### 2. Print Media Campaign

By the date set by the Court, the Settlement Administrator will produce the

Summary Notice as 1/8th page ad unit that will appear in the Legal/Classified

section one time in each of the top four circulation newspapers within the state of
Florida (Fort Lauderdale Sun Sentinel, Tampa Bay Times, Miami Herald, Orlando
Sentinel) and a Florida statewide Press Release (up to 400 words).

### C.    Class Member Data and Forms Management

No later than seven days after the Parties sign this Agreement, Defendant shall
provide Class Counsel with one electronic file containing the name and address of
each potential Class Member. Class Counsel will provide that the Class Member
information to the Settlement Administrator who shall pre-assign a unique sequential
control number to each potential Class Member to be used throughout the
administration process. The Settlement Administrator will format all relevant
documents and will send all document proofs to Class Counsel for approval prior to
printing.

### D.    Settlement Website

By the deadline for distributing the Class Notice, the Settlement Administrator
shall establish and maintain the Settlement Website, which will, among other things,
(i) provide contact information for Class Counsel, (ii) provide important dates and
FAQs; (iii) access to relevant documents, including this Agreement, the Class
Notice, the Preliminary Approval Order, the Complaint, and, when filed, the Final
Order and Judgment.

### E.    IVR

By the deadline for publishing the Class Notice, the Settlement Administrator
shall establish and maintain a toll-free number that maintains an interactive voice

response (IVR) system through which Class Members can access settlement information.

### F.    Opt-Outs/Requests for Exclusion

The Class Notice shall describe the Settlement Class Members' right to exclude themselves from the class by mailing a Request for Exclusion. Any Settlement Class Member who does not validly and timely submit a Request for Exclusion before the Opt-Out Deadline shall remain a Settlement Class Member, and shall be bound by the terms of this Agreement.

### G.    Objections

The Class Notice shall also provide a procedure for Settlement Class Members to object to the settlement set forth herein and any of its terms. Objections must be received by the deadline set by the Court.

### H.    Non-Approval of Agreement

This Agreement is conditioned on entry of a Final Order and Judgment, and that order becoming final. In the event that the Agreement is not so approved (unless the non-approval is due to the actions of Defendant) the case shall return to the status quo ante as of the date of this Agreement, as if no Agreement had been negotiated or entered into. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Plaintiff Dunbar, nor Class Counsel, nor the Settlement Class Members shall have any obligation to Defendant for any costs and expenses Defendant incurs to the Settlement Administrator for notice or administration. Moreover, the Parties shall be deemed to have preserved all of their

rights or defenses as of the date of the Agreement, and shall not be deemed to have waived any substantive or procedural rights of any kind that they may have.

### I.  CAFA Notice

To the extent that this matter remains in Federal Court, Defendant will serve any notices required by the Class Action Fairness Act ("CAFA") of 2005, 28 U.S.C. § 1715, by no later than ten (10) days after the Preliminary Approval motion is filed.

## V.  TERMINATION OF LITIGATION/JURISDICTION

### A.  Termination of Litigation

The Parties agree that upon the Effective Date, the Litigation shall be deemed terminated in accordance with the Final Order and Judgment.

### B.  Continuing Jurisdiction of Court

The Court shall retain exclusive and continuing jurisdiction over this Litigation, the Parties, and this Agreement with respect to the performance of its terms and conditions (and any disputes arising out of or relating to this Agreement), the proper provision of all benefits, and the implementation and enforcement of its terms, conditions, and obligations.

## VI.  RELEASE

Upon the Effective Date of this Agreement, the Releasees shall be released and forever discharged from all Released Claims by the Class Representative and each Settlement Class Member. The Class Representative and each Settlement Class Member agree they shall not hereafter seek to establish liability against any

Releasee for any Released Claim.

The Class Representative and each Settlement Class Member may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, but the Class Representative and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Final Order and Judgment shall have, nevertheless, fully, finally, and forever waived, settled and released any and all Released Claims, regardless of such subsequent discovery of additional or different facts.

## VII.    MISCELLANEOUS PROVISIONS

### A.    Cooperation to Facilitate this Settlement

The Parties agree they shall work together in good faith to facilitate this Agreement, as well as undertake any steps reasonably needed to effectuate the purpose and intent of this Agreement.

### B.    Representation by Counsel

The Parties represent and warrant that they have been represented by, and have consulted with, the counsel of their choice regarding the provisions, obligations, rights, risks, and legal effects of this Agreement, and have been given the opportunity to review independently this Agreement with such legal counsel, and agree to the particular language of the provisions herein.

### C.      No Admission of Liability

Nothing in this Agreement, or the Parties' willingness to enter into this

Agreement, shall be construed as an admission by any person or entity, of any

liability or wrongdoing of any Party, or of the truth of any allegation, claim, or

defense raised or made by any Party, and Defendant denies any fault, wrongdoing

or liability to Plaintiff or the Settlement Class Members for damages or other relief.

### D.      Change of Time Periods

The time periods and/or dates described in this Agreement with respect to

the giving of notices and hearings are subject to approval and change by the Court

or by written agreement of Class Counsel and Counsel for Defendant, without

notice to Settlement Class Members. The Parties reserve the right, by agreement

and subject to Court approval, to grant any reasonable extension of time that might

be needed to carry out any of the provisions of this Agreement.

### E.      Integration

This Agreement constitutes a single, integrated contract expressing the

entire agreement of the Parties relative to its subject matter. This Agreement

supersedes all prior representations, agreements, understandings, both written and

oral, among the Parties, or any of them, with respect to the subject matter of this

Agreement. No covenants, agreements, representations, or warranties of any kind

whatsoever have been made by any Party hereto, except as provided for herein,

and no Party is relying on any prior oral or written representations, agreements,

understandings, or undertakings with respect to the subject matter of this

Agreement.

### F.    Drafting

This Agreement is a collaborative effort of the Parties and their respective attorneys, and the Parties agree that no single Party shall be deemed to have drafted this Agreement, or any portion thereof, for purpose of the invocation of the doctrine of *contra proferentem*.

### G.    Costs

Except as otherwise provided herein, each Party shall bear its own legal and other costs incurred in connection with the Released Claims, including the preparation and performance of this Agreement.

### H.    Modification or Amendment

This Agreement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by the Parties who executed this Agreement or their successors-in-interest.

### I.    No Waiver

The failure of a Party hereto to insist upon strict performance of any provision of this Agreement shall not be deemed a waiver of such Party's rights or remedies or a waiver by such Party of any default by another Party in the performance or compliance of any of the terms of this Agreement. In addition, the waiver by one Party of any breach of this Agreement by another Party shall not be deemed a waiver of any other prior or subsequent breach of this Agreement.

**J.**      **Severability**

Should any part, term, or provision of this Agreement be declared or determined by any court or tribunal to be illegal or invalid, the Parties agree that the Court may modify such provision to the extent necessary to make it valid, legal, and enforceable. In any event, such provision shall be separable and shall not limit or affect the validity, legality, or enforceability of any other provision hereunder.

**K.**      **No Violation of Law or Agreement**

The execution, delivery, and performance of this Agreement by the Parties hereto does not and will not, conflict with, violate, result in a breach of, or cause a default under, (a) any applicable provision of any federal, state, or local law or regulation, (b) any provision of any order, arbitration award, judgment, or decree, or (c) any provision of any agreement or instrument applicable to the Parties.

**L.**      **Successors**

This Agreement shall be binding upon and inure to the benefit of the heirs, successors, and assigns of the Parties thereto.

**M.**      **Choice of Law**

All terms and conditions of this Agreement shall be governed by and interpreted according to the laws of the State of Florida, without reference to its conflict of law provisions, except to the extent that federal law governs. The adequacy of the Settlement, and any determination regarding Class Counsel's fees and expenses, and any Service Award, shall be governed by the law of the Court at

the time of entry of the Final Order and Judgment.

### N.    Fair and Reasonable

The Parties and their counsel believe that this Agreement is a fair and reasonable compromise of the disputed claims, in the best interests of the Parties and Settlement Class Members, and arrived at this Agreement as a result of substantial arms-length negotiations with the assistance of a professional mediator.

### O.    Exhibits

The Exhibits to this Agreement are expressly incorporated and made part of the terms and conditions set forth herein.

### P.    Counterparts

This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Agreement shall exchange among themselves original signed counterparts.

### Q.    Facsimile and E-mail

Transmission of a signed Agreement by facsimile or e-mail shall constitute receipt of an original signed Agreement by mail.

### R.    Warranty of Signature

Each signer of this Agreement represents and warrants that he or she is competent and possesses the full and complete authority to execute this Agreement on behalf of the Party to this Agreement for which he or she is signing, and that this Agreement is binding on the Party he or she represents.

### S.    No Assignment

Each Party represents and warrants that such Party has not assigned or otherwise transferred (via subrogation or otherwise) any right, title, or interest in or to any claim, causes of action, or demand which was or could have been, or ever could be asserted against any Party and that is released in this Agreement, or which was, could have been, or ever could be asserted against any Party. Any Party that breaches the representations and warranties set forth in this paragraph shall indemnify and hold harmless the other Party, its parents, subsidiaries, and affiliates, and their respective owners, agents, attorneys, successors, heirs, assigns, administrators, officers, directors, employees, and all other persons acting in concert with them from any and every claim or demand of every kind or character arising out of a breach by any such breaching Party of its representations and warranties in this paragraph.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be duly executed by themselves or by their duly authorized representatives:

[SIGNATURES ON FOLLOWING PAGE]

Dated: 5-18-20                    By: _____

Ella Dunbar

*Plaintiff and Class Representative*

Dated: 05/19/20                   By: _____

Symmetry  Management  Corp.  d/b/a  BCC
Financial Management Services, Inc.

_____

Title

Dated: 5/15/2020                  By: _____

James S. Giardina (Fla. Bar No.
942421)
The Consumer Rights Law Group,
PLLC
3104 W. Waters Ave., Suite 200
Tampa, Florida 33614
Tel: 813-435-5055
Fax: 866-535-7199
james@consumerrightslawgroup.com

*Counsel for Plaintiff and Class*

Dated: 5/20/20                    By: _____

Bennett C. Lofaro (Fla. Bar No. 37129)
Boyd Richards Parker & Colonnelli, P.L.
400 North Ashley Drive, Suite 1150
Tampa. FL 33602
Tel: (813) 223-6021
Fax: (813) 223-6024
*Attorneys for Defendant*

22

# EXHIBIT 1

# LONG FORM NOTICE

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ELLA DUNBAR,** on behalf of
herself and all others similarly situated,

                Plaintiff,

**vs.**                               **CASE NO. 8:19-cv-00715-CEH-TGW**

**SYMMETRY MANAGEMENT CORP.**
d/b/a **BCC FINANCIAL MANAGEMENT**
**SERVICES, INC.,**

                Defendant.
_____/

TO:    **ALL RESIDENTS OF FLORIDA WHO RECEIVED A COLLECTION LETTER BEARING THE WORDS "BY WRITING OR CALLING" FROM BCC FINANCIAL MANAGEMENT SERVICES, INC. OF FT. LAUDERDALE, FLORIDA BETWEEN MARCH 25, 2017 AND [DATE OF CERTIFICATION]**

    **NOTICE IS HEREBY GIVEN THAT**, pursuant to the Order of the United States District Court for the Middle District of Florida, (the "Court"), dated _____, 2020, it was determined that the above-captioned lawsuit may be settled on behalf of two Classes of Plaintiffs (the "Settlement Classes") pursuant to Federal Rule of Civil Procedure 23 and defined as follows:

**FDCPA CLASS**

(i) All persons with addresses in the state of Florida (ii) to whom initial communication letters were sent containing the phrase, "If you dispute the debt or any portion thereof by writing or calling this office within 30 days after receiving this notice this office will obtain verification of the debt or a copy of a judgment and mail you a copy of such judgment or verification. If you request this office by writing or calling within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor." (iii) in an attempt to collect a debt incurred for personal, family, or household purposes (iv) which were not returned undelivered by the U.S. Post Office (v) during the one-year period prior to the filing of the original complaint in this action through the date of certification.

**FCCPA CLASS**

(i) All persons with addresses in the state of Florida (ii) to whom initial
communication letters were sent containing the phrase, "If you dispute the debt or
any portion thereof by writing or calling this office within 30 days after receiving
this notice this office will obtain verification of the debt or a copy of a judgment
and mail you a copy of such judgment or verification. If you request this office by
writing or calling within 30 days after receiving this notice, this office will provide
you with the name and address of the original creditor, if different from the current
creditor." (iii) in an attempt to collect a debt incurred for personal, family, or
household purposes (iv) which were not returned undelivered by the U.S. Post
Office (v) during the two-year period prior to the filing of the original complaint in
this action through the date of certification.

## Summary of the Litigation

Plaintiff, Ella Dunbar, sued Defendant, Symmetry Management Corp. d/b/a BCC
Financial Management Services, Inc. ("BCC Financial"), located in Ft. Lauderdale, Florida
and alleged that BCC Financial violated the  Fair Debt Collection Practices Act, 15 U.S.C. §
1692 *et seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §
559.55 *et seq.* ("FCCPA") by sending form collection letters that misstated consumers'
verification rights under the FDCPA by falsely representing that the consumer could invoke
their statutory verification rights orally when the FDCPA requires that statutory verification
rights be invoked in writing and that debt collectors give consumers written notice of that
requirement whereby creating a substantial risk that the consumers would not be able to
exercise their rights under the FDCPA.

BCC Financial denies that it has any liability to Dunbar or the Classes, but has agreed
to settle this case based on the likely high costs of protracted litigation. The FDCPA and
FCCPA provide for actual and statutory damages and payment of costs and reasonable
attorney's fees to a successful plaintiff. The lawsuit seeks only statutory damages. Both the

FDCPA and the FCCPA limit statutory damages in class actions to $500,000 or 1% of

Defendant's net worth, whichever is less. Because the classes are very large, even if the Court

were to award the maximum amount allowed by law, such amount would be very small per

class member (less than $1.00).

       For a complete statement of all the contentions and proceedings in this case you should

consult the file relating to this lawsuit, which is available for your inspection at the office of

the Clerk of the United States District Court for the Middle District of Florida, United States

Courthouse, 801 N. Florida Avenue, Tampa, Florida 33602. Important case documents,

important dates and frequently asked questions related to this lawsuit can also be found at the

Settlement Website _____.

**Certification of the Classes**

       The Classes were certified for settlement purposes, pursuant to Federal Rule of Civil

Procedure 23(b)(2), 23(b)(3), and 23(e) as a class action. The Court has appointed Plaintiff, Ella

Dunbar as the representative of the Classes, and her attorney James S. Giardina, Esq. of The

Consumer Rights Law Group, PLLC located at 3104 W. Waters Ave., Suite 200, Tampa, FL

33614 as Counsel for the Classes.

**Settlement of the Lawsuit**

       Under the terms of the proposed settlement, BCC Financial has agreed to provide the

following relief to Plaintiff and the Classes:

   A.  On behalf of the FDCPA Class, BCC Financial shall pay to Public Justice, PC a *cy pres*

       distribution in the amount of $32,670, which represents the maximum statutory recovery

       the FDCPA Class could recover against Defendant in this case.

B. On behalf of the FCCPA Class, BCC Financial shall pay to St. Michael's Legal Center for Women and Children, Inc. a *cy pres* distribution in the amount of $32,670, which represents the maximum statutory recovery the FCCPA Class could recover against Defendant in this case.

C. BCC Financial agrees to be enjoined from sending dunning letters with the following verification notice, which falsely represents that consumers can invoke their verification rights orally:

> If you dispute the debt or any portion thereof by writing or calling this office within 30 days after receiving this notice this office will obtain verification of the debt or a copy of a judgment and mail you a copy of such judgment or verification. If you request this office by writing or calling within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

D. BCC Financial agrees to bear all costs of class administration and notice.

E. BCC Financial also agrees to agrees to pay Plaintiff: individual FDCPA statutory damages of $1,000.00, individual FCCPA statutory damages of $1,000.00, and a service award of $2,000.00, as approved by this Court.

F. BCC Financial also agrees to pay Class Counsel's reasonable attorney's fees to be approved by the Court. Defendant has agreed not to oppose an award of up to $25,000 and Plaintiff has agreed not to seek more than $45,000.

Upon final approval of the settlement, the Court will enter a judgment dismissing the lawsuit with prejudice and releasing BCC Financial of all liability to Plaintiff, Ella Dunbar and the Classes for the Released Claims. Class Counsel believes that the proposed settlement is fair, reasonable, adequate, and in the best interests of the Class.

**Options of Class Members**

If you are a Class Member, you have the following options:

    a.  <u>**You may remain a Class Member**</u>. If you choose to remain a Class Member, you do not

         need to take any action. Your interest as a Class Member will be represented by the Class

         Representative and Class Counsel. You will not be charged for their services. You will be

         bound by any judgment or final disposition of this case.

    b.  <u>**You may retain your own attorney to represent you**</u>. If you select this option you

         should retain your own attorney and discuss your options with that attorney. You may be

         responsible for paying your own attorney's fees. Any Class Member who desires to enter

         an appearance pursuant to Rule 23(c)(2)(B)(iv) must do so by ==[45 Days after the Notice

         Deadline].==

    c.  <u>**You may request exclusion from the Classes**</u>. If you want to keep your rights to pursue

         or continue to pursue any Released Claim against BCC Financial and /or any Released

         Party, as defined in the Settlement Agreement, then you must take steps to  get out of the

         Settlement Classes. This is called excluding yourself from, or opting out of the,

         Settlement Classes. If you choose to be excluded from the Classes, you will not be bound

         by any judgment or other final disposition of this lawsuit.

    d.  If you wish to be excluded or "opt out" of the Classes, you must mail your request to opt

         out to the Claims Administrator, **postmarked no later than** ==[45 Days after the Notice

         Deadline]==, at the following address:

         ==[INSERT CLAIM ADMINISTRATOR'S ADDRESS]==

         **To be valid, the opt out request must (a) state the case name and number; (b) state**

         **the name and address of the Class Member; (c) be personally signed by the**

**Settlement Class Member requesting exclusion; and (d) include a statement clearly
indicating desire to be excluded from the Settlement Classes, such as "I hereby
request to be excluded from the proposed Settlement Classes in Dunbar v.
Symmetry Management Corp. d/b/a BCC Financial Management Services, Inc."**

e.  <u>**You may object to the settlement**</u>. If you do not exclude yourself and remain a Class
Member, you can object to the Settlement or any part of the Settlement, and the Court
will consider your views. If you do not provide a written objection in the manner
described below, you shall be deemed to have waived any objection and shall forever be
foreclosed from making any objection to the fairness, reasonableness, or adequacy of the
Settlement or the award of any attorney's fees and expenses and /or Service Award.
To be valid, the written objection must include: (i) a statement of each objection being
made: (ii) a detailed description of the facts underlying each objection; (iii) a detailed
description of the legal authorities underlying each objection; (iv) a statement of whether
the objector intends to appear at the Fairness Hearing; (v) a list of witnesses whom the
objector may call by live testimony, oral deposition testimony or affidavit during the
Fairness Hearing, together with a summary of each witness' anticipated testimony; and
(vi) a list of exhibits which the objector may offer during the Fairness Hearing, together
with true copies of all the exhibits.

f.  To be considered the written objection must be filed with the Court not later than 5:00
p.m. on [45 Days after the Notice Deadline] at Clerk of the United States District Court
for the Middle District of Florida, United States Courthouse, 801 North Florida Avenue,
Tampa, FL 33602. Your objection must also be served on Class Counsel and BCC

Financial's Counsel by certified mail, hand-delivery, or facsimile transmission, and be

postmarked or received by [45 Days after Notice Deadline] to:

| Class Counsel: | For Defendant: |
|---|---|
| James S. Giardina, Esq. | Bennett C. Lofaro, Esq. |
| The Consumer Rights Law Group, PLLC | Boyd Richards Parker & Colonnelli, P.L. |
| 3104 W. Waters Avenue, Suite 200 | 400 North Ashley Drive, Suite 1150 |
| Tampa, FL 33614-2877 | Tampa, Florida 33602 |
| Tel: 813-435-5055 | Tel: (813) 223-6021 |
| Fax: 866-535-7199 | Fax: (813) 223-6024 |

**No objection will be heard or considered by the Court at the Fairness Hearing that (a) does
not include the information listed above; (b) is not timely filed with the Court; or (c) is not
timely served on listed counsel.**

**Fairness Hearing**

NOTICE IS HEREBY GIVEN THAT a hearing will be held before the Honorable Judge

_____ at United States District Court Judge for the Middle District of Florida, on [90

Days after Notice Deadline], at _____, at the United States Court House, 801 North

Florida Avenue, Tampa, FL 33602. This hearing will be held to determine if the proposed

settlement is fair, reasonable, and adequate and should be approved and the lawsuit dismissed

with prejudice. If the proposed settlement is approved it will be binding and will release BCC

Financial from any and all claims that were asserted or could have been asserted by any of the

Class Members from the facts alleged in the Complaint, including, but not limited to, claims

arising under the FDCPA and FCCPA.

Until the Fairness Hearing described above, or further order of the Court, all Class

Members are hereby preliminarily enjoined and ordered not to file, institute or prosecuted any

lawsuit or claim against BCC Financial or any of its officers, directors, shareholders, or

employees arising out of or related to the same or similar circumstances, transactions or

occurrences as are alleged in this case, such as BCC Financial's use of said written collection communications or letters.

**Questions concerning this class action litigation should be directed to Class Counsel at the addresses above. PLEASE DO NOT CALL THE JUDGE OR THE COURT CLERK.**

ENTERED:

_____

Hon. _____

United States District Judge

DATED:

# Online Media Ads



 **Dunbar v. Symmetry Management Corp.**
Sponsored ·

If you received a Collection Letter bearing the words "By Writing Or Calling" from BCC Financial Management Services, Inc., your rights may be affected by a class action settlement.



EXAMPLE.COM
**Dunbar v. Symmetry Management Corp.**                    Learn More

👍 Like            💬 Comment            ↪ Share



**Dunbar v. Symmetry Management Corp.**
Sponsored · 🌐

If you received a Collection Letter bearing the words "By Writing Or Calling" from BCC Financial Management Services,    ...See More



EXAMPLE.COM
**Dunbar v. Symmetry Management Corp.**                LEARN MORE

👍 Like        💬 Comment        ↪ Share

# SUMMARY PUBLICATION NOTICE

Legal Notice

**If you are a resident of Florida who received a Collection Letter bearing the words "By Writing Or Calling" from BCC Financial Management Services, Inc. of Ft. Lauderdale, Florida between March 25, 2017 and [DATE OF CERTIFICATION], your rights may be affected by a class action settlement.**

The United States District Court for the Middle District of Florida, (the "Court"), determined that this lawsuit, *Dunbar v. Symmetry Management Corp. d/b/a BCC Financial Management Services, Inc.*, Case No. 8:19-cv-00715-CEH-TGW, may be settled on behalf of the two following Classes of Plaintiffs (the "Settlement Classes"):

**FDCPA CLASS** (i) All persons with addresses in the state of Florida (ii) to whom initial communication letters were sent containing the phrase, "If you dispute the debt or any portion thereof by writing or calling this office within 30 days after receiving this notice this office will obtain verification of the debt or a copy of a judgment and mail you a copy of such judgment or verification. If you request this office by writing or calling within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor." (iii) in an attempt to collect a debt incurred for personal, family, or household purposes (iv) which were not returned undelivered by the U.S. Post Office (v) during the one-year period prior to the filing of the original complaint in this action through the date of certification

**FCCPA CLASS** (i) All persons with addresses in the state of Florida (ii) to whom initial communication letters were sent containing the phrase, "If you dispute the debt or any portion thereof by writing or calling this office within 30 days after receiving this notice this office will obtain verification of the debt or a copy of a judgment and mail you a copy of such judgment or verification. If you request this office by writing or calling within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor." (iii) in an attempt to collect a debt incurred for personal, family, or household purposes (iv) which were not returned undelivered by the U.S. Post Office (v) during the two-year period prior to the filing of the original complaint in this action through the date of certification.

**The Litigation:** Plaintiff, Ella Dunbar, sued Defendant, Symmetry Management Corp. d/b/a BCC Financial Management Services, Inc. ("BCC Financial"), alleging that BCC Financial violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA") by sending form collection letters that misstated consumers' verification rights under the FDCPA by falsely representing that the consumer could invoke their statutory verification rights *orally* when the FDCPA requires that statutory verification rights be invoked *in writing* and requires debt collectors to give consumers written notice of that requirement, and thus created a substantial risk that the consumers would not be able to exercise their rights under the FDCPA.

BCC Financial denies that it has any liability to Dunbar or the Classes, but has agreed to settle this case based on the likely high costs of protracted litigation. Both the FDCPA and the FCCPA limit statutory damages in class actions to $500,000 or 1% of Defendant's net worth, whichever is less. Because the classes are very large, even if the Court were to award the maximum amount allowed by law, such amount would be very small per class member (less than $1.00).

**The Settlement:** BCC Financial has agreed to: (1) provide a $32,670 *cy pres* distribution to Public Justice, PC on behalf of the FDCPA Class; (2) provide a $32,670 *cy pres* distribution to St. Michael's Legal Center for Women and Children, Inc. on behalf of the FCCPA Class; (3) be enjoined from sending dunning letters which falsely represents that consumers can invoke their verification rights orally:(4) bear all costs of class administration and notice; (5) pay Plaintiff individual FDCPA statutory damages of $1,000, individual FCCPA statutory damages of $1,000, and a $2,000 service award; and (6) pay Class Counsel reasonable attorney's fees up to $45,000.

**Your Options:** If you are a Class Member, you may:

Remain a Class Member. If you choose to remain a Class Member, you do not need to take any action. Your interest as a Class Member will be represented by the Class Representative and Class Counsel. You will not be charged for their services. You will be bound by any judgment or final disposition of this case.

Retain your own attorney to represent you. If you select this option you should retain your own attorney and discuss your options with that attorney. You may be responsible for paying your own attorney's fees. Any Class Member who desires to enter an appearance pursuant to Rule 23(c)(2)(B)(iv) must do by [**45 Days after the Notice Deadline**].

Request exclusion from the Classes. If you want to keep your rights to pursue or continue to pursue any Released Claim against BCC Financial and /or any Released Party, as defined in the Settlement Agreement, then you must exclude yourself from the Settlement Classes by [**45 Days after the Notice Deadline**].

Object to the settlement. If you do not exclude yourself, you can object to the Settlement by [**45 Days after the Notice Deadline**].

**Fairness Hearing:** A hearing will be held on _____ at the United States Court House, 801 North Florida Avenue, Tampa, FL 33602 to determine if the proposed settlement is fair, reasonable, and adequate and should be approved and the lawsuit dismissed with

prejudice. If approved, the settlement will be binding and will release BCC Financial from any and all claims that were raised or could have been raised by any of the Class Members from Defendant's representation that consumers could invoke their statutory verification rights orally, including, but not limited to, claims arising under the FDCPA and FCCPA.

More information, including documents, deadlines and frequently asked questions can be found at the Settlement Website <span style="background-color: yellow">_____</span>.

# EXHIBIT 2

### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**ELLA DUNBAR,** on behalf of
herself and all others similarly situated,

Plaintiff,

**vs.**                                          **CASE NO. 8:19-cv-00715-CEH-TGW**

**SYMMETRY MANAGEMENT CORP.**
d/b/a **BCC FINANCIAL MANAGEMENT
SERVICES, INC.,**

Defendant.

_____/

## [PROPOSED] FINAL ORDER AND JUDGMENT

This cause comes before the Court pursuant to the parties' Joint Motion for Final

Approval of Class Action Settlement Agreement (Doc. _____) and Plaintiff's Motion for

Attorney's Fees and Expenses (Doc. ____). Pursuant to Rule 23 of the Federal Rules of Civil

Procedure, this Court conducted a Final Fairness Hearing on_____, and for the

reasons stated herein and at the hearing, the Court grants the Motions.

**I.    The Litigation**

This class action involves form collection letters used by Defendant that include the

following notice:

> If you dispute the debt or any portion thereof by **writing *or calling***
> this office within 30 days after receiving this notice this office will
> obtain verification of the debt or a copy of a judgment and mail you
> a copy of such judgment or verification. If you request this office by
> **writing *or calling*** within 30 days after receiving this notice, this
> office will provide you with the name and address of the original
> creditor, if different from the current creditor.

(emphasis added) (hereinafter "the Verification Notice"). The Plaintiff asserts the Verification Notice violates both the FDCPA and the FCCPA by falsely representing that the consumer could invoke their statutory verification rights *orally* when section 1692g of the FDCPA requires that statutory verification rights be invoked *in writing* and requires debt collectors to give consumers written notice of that requirement. Specifically, Plaintiff alleges the Verification Notice violates FDCPA sections 1692g and 1692e, as well as FCCPA section 559.72(9). (Doc. 1) Defendant denies the Verification Notice violates the FDCPA or FCCPA, and, in the alternative, asserts the conduct giving rise to the violation was unintentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably formulated to avoid the violation. (Doc. 15). After engaging in discovery, the Parties attended mediation where they reached a class-wide settlement subject to court approval.

On _____ the Parties filed a Joint Motion for Preliminary Approval of Class Action Settlement and Incorporated Memorandum of Law (Doc. _____) requesting certification of the following classes for settlement purposes:

**FDCPA CLASS**

(i) All persons with addresses in the state of Florida (ii) to whom initial communication letters were sent containing the phrase, "If you dispute the debt or any portion thereof by writing or calling this office within 30 days after receiving this notice this office will obtain verification of the debt or a copy of a judgment and mail you a copy of such judgment or verification. If you request this office by writing or calling within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor." (iii) in an attempt to collect a debt incurred for personal, family, or household purposes (iv) which were not returned undelivered by the U.S. Post Office (v) during the one-year period prior to the filing of the original complaint in this action through the date of certification.

**FCCPA CLASS**
(i) All persons with addresses in the state of Florida (ii) to whom initial
communication letters were sent containing the phrase, "If you dispute the
debt or any portion thereof by writing or calling this office within 30 days
after receiving this notice this office will obtain verification of the debt or a
copy of a judgment and mail you a copy of such judgment or verification. If
you request this office by writing or calling within 30 days after receiving
this notice, this office will provide you with the name and address of the
original creditor, if different from the current creditor." (iii) in an attempt to
collect a debt incurred for personal, family, or household purposes (iv)
which were not returned undelivered by the U.S. Post Office (v) during the
two-year period prior to the filing of the original complaint in this action
through the date of certification.

On _____, the Court entered an Order pursuant to Rule 23 of the Federal Rules

of Civil Procedure certifying this case as a class action. (Doc. __) Among other things, the Court

determined that the Classes satisfied the requirements of numerosity, commonality, typicality,

adequacy, predominance, and superiority.

On _____, the Court also granted the Parties' request for preliminary approval of their

settlement agreement, which requires Defendant to: (1) make a *cy pres* distribution of $32,670 on

behalf of each class, which is equal to the maximum statutory damages available to the Classes

under the FDCPA and FCCPA[1]; (2) agree to be enjoined from using the Verification Notice; (3)

pay Plaintiff Ella Dunbar individual FDCPA statutory damages of $1,000.00, individual FCCPA

statutory damages of $1,000.00, and a Service Award of $2,000.00, as approved by this Court;

(4) bear all costs of class administration and notice; and (5) pay Class Counsel's reasonable

attorney's fees to be approved by the Court with Defendant agreeing not to oppose a request of

up to $25,000 and Plaintiff agreeing not to seek more than $45,000. In so ordering, the Court

found that the proposed settlement appeared to be fair, reasonable, adequate, and in the best

---

[1] Both the FDCPA and the FCCPA limit statutory damages in class actions to $500,000 or 1% of Defendant's net
worth, whichever is less. 15 U.S.C. § 1692k(a)(2); Fla. Stat. § 559.77(2).   Defendant has attested that the sum of
$32,670 is equal to 1 per centum of Defendant's net worth as of June 30, 2019. (Doc. _____).

interest of the Class Members, especially in light of the limits on class liability in FDCPA and

FCCPA cases, the benefits to the Class member; the strength of Plaintiff's case; the complexity,

expense, and probable duration of further litigation; the amount of discovery engaged in by the

parties; the risk and delay inherent in possible appeals; and, the opinions of Class Counsel. *See*

*Leverso v. SouthTrust Bank of AL., N.A.*, 18 F.3d 1527, 1530 (11th Cir. 1994).

Recognizing that individual notice by mail would be cost prohibitive due to the statutory

damages cap, the Court approved notice to the class by publication via online and print media

campaigns. The Court has been informed that the Settlement Administrator published the

approved Class Notice on _____ and that it reached ___% of Settlement Class Members. *See*

[Declaration of Settlement Administrator]. Accordingly, the Court finds the class notification

was properly effectuated.

In preliminarily approving the settlement, the Court established _____, as the

deadline for any members of the Classes to opt out or object to the settlement. [None of the Class

Members opted out or filed an objection] OR [Only ___ potential class members submitted

requests for exclusion.] AND/OR [Only __ Class Members submitted objections.] The low opt-

out and objection rates weigh in favor granting final approval of Settlement. *See*, *e.g., Saccoccio*

*v. JP Morgan Chase Bank, N.A.*, 297 F.R.D. 683, 694 (S.D. Fla. 2014).

## II.    Attorney's Fees and Expenses

When the Court preliminarily approved the settlement, it approved the parties' agreement

to cap fees at $45,000, but indicated the final fee award was subject the Court's approval. With

her Motion for Fees and Expenses (Doc. ___), Plaintiff provided documentation supporting her

request for total fees and expenses in the total amount of _____. The Court has reviewed the

Motion and supporting documents and finds that the request is reasonable.

### III.   Final Approval

A district court's adoption of a class action settlement is governed by Federal Rule of Civil Procedure 23(e). That rule requires that the settlement be "fair, reasonable and adequate." The Court, being fully advised on the premises hereby order as follows:

1. The Court finds that the provisions for notice to the Classes satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.

2. For the reasons explained in the Order Granting Preliminary Approval the Court finds that the settlement is fair, reasonable, and adequate, and in the best interest of all those affected by it. The hereby approves the Class Action Settlement Agreement.

3. The FDCPA and FCCPA Classes defined above are **CERTIFIED**.

4. Within 14 days of the Effective Date (as defined in the Class Action Settlement Agreement), Defendant shall pay to Public Justice, PC a *cy pres* distribution in the amount of $32,670.

5. Within 14 days of the Effective Date, Defendant shall pay to St. Michael's Legal Center for Women and Children, Inc. a *cy pres* distribution in the amount of $32,670.

6. Defendant is enjoined from sending dunning letters with the Verification Notice, which falsely represents that consumers can invoke their verification rights orally.

7. Within 14 days of the Effective Date, Defendant shall pay Plaintiff $4,000 by way of one check made payable to The Consumer Rights Law Group, PLLC and mailed to The Consumer Rights Law Group, PLLC, 3104 W Waters Ave, Suite 200, Tampa, FL 33614.

8. Within 14 days of the Effective Date, Defendant shall pay Plaintiff's Counsel total fees and costs in the amount of _____ by way of one check made payable to The Consumer

Rights Law Group, PLLC and mailed to The Consumer Rights Law Group, PLLC, 3104 W

Waters Ave, Suite 200, Tampa, FL 33614.

9. The Court retains jurisdiction over the interpretation, enforcement, and implementation of

the Class Action Settlement Agreement and of this Order. Upon performance of all terms

of this Order, the Parties shall file a stipulation advising the Court that all terms have been

performed, requesting dismissal of the case with prejudice.

10. Upon dismissal of this case with prejudice, Defendant and each of its respective parent,

sister, and subsidiary, corporate and other related entities, and all of their owners, directors,

officers, employees, agents, predecessors, successors, assigns, insurers and attorneys shall

be released and forever discharged from any and all claims for relief that were raised or

could have been raised by Plaintiff and the Settlement Class Members from Defendant's

representation that consumers could invoke their statutory verification rights under the

FDCPA orally, including, but not limited to, claims arising under the FDCPA or FCCPA.

It is therefore **ORDERED AND ADJUDGED** that the Parties' Joint Motion for Final

Approval of Calls Settlement Agreement (Doc. ___) and Plaintiff's Motion for an Award of

Attorney's Fees and Expenses (Doc. ___) are **GRANTED** as stated herein. The Clerk of Court is

**DIRECTED** to administratively class the file.

　　　　**DONE AND ORDERED** in Tampa, Florida on _____.

　　　　　　　　　　　　　　　　　　　　_____

　　　　　　　　　　　　　　　　　　　　United States District Judge

Copies furnished to:
Counsel of Record

# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ELLA DUNBAR,** on behalf of
herself and all others similarly situated,

Plaintiff,

**vs.**                                    **CASE NO. 8:19-cv-00715-CEH-TGW**

**SYMMETRY MANAGEMENT CORP.**
d/b/a **BCC FINANCIAL MANAGEMENT**
**SERVICES, INC.,**

Defendant.

_____/

# [PROPOSED] ORDER PRELIMINARILY CERTIFYING CLASSES FOR SETTLEMENT PURPOSES, GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT, AND DIRECTING THE ISSUANCE OF NOTICE

The Parties ("Plaintiff Dunbar" and "Defendant BCC Financial") and their respective counsel have executed a formal Class Action Settlement Agreement (the "Settlement" or "Settlement Agreement") (Doc. ___) to settle and dismiss this litigation on a class-wide basis, subject to the Court's approval. On _____, the Parties filed a Joint Motion for Preliminary Approval of Class Action Settlement and Incorporated Memorandum of Law ("Joint Motion") (Doc.___). The Court has reviewed the Parties' Joint Motion, the Settlement Agreement, the proposed Class Notice (Doc. __), and the pleadings filed to date in this matter to determine whether the proposed Settlement Classes (as hereafter defined) should be preliminarily certified for settlement purposes only, and whether the Settlement should be preliminarily approved. Having fully considered the Parties' motions, and the arguments offered by counsel,

**IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS**:

1.      The Parties' Joint Motion for Preliminary Approval of Class Action Settlement

(Doc. ___) is **GRANTED.**

2.      **Partial Stay of this Action**. All non-settlement-related proceedings in the Action

are hereby stayed and suspended until further Order of the Court.

3.      **Jurisdiction**. The Court finds that it has subject matter jurisdiction over this

Action pursuant to 28 U.S.C. § 1331, including jurisdiction to approve and enforce the

Settlement and all Orders and Decrees that have been entered or which may be entered pursuant

thereto. The Court also finds that it has personal jurisdiction over the Parties and, for purposes of

consideration of the proposed Settlement, over each of the members of the Settlement Classes,

and that venue is proper in this District pursuant to 28 U.S.C. § 1391.

4.      **Preliminary Class Certification for Settlement Purposes Only**. The Court is

presented with a proposed settlement prior to a decision on class certification. Therefore, the

Court must determine whether the proposed Settlement Classes satisfy the four requirements of

Rule 23(a) of the Federal Rules of Civil Procedure along with one of the three categories of Rule

23(b). *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997). The Court must also be satisfied

that the proposed class "is 'adequately defined and clearly ascertainable.'" *Little v. T-Mobile*

*USA, Inc.*, 691 F.3d 1302, 1304 (11th Cir. 2012) (quoting *DeBremaecker v. Short*, 433 F.2d 733,

734 (5th Cir. 1970)).  The Court preliminarily finds and concludes, for settlement purposes only,

that:

a.      **The Settlement Classes are ascertainable**. A class is ascertainable if "the

class definition contains objective criteria that allow for class members to be identified in an

administratively feasible way," such that identifying class members will be "'a manageable

process that does not require much, if any, individual inquiry.'" *Karhu v. Vital Pharm., Inc.*, 621 F. App'x 945, 946 (11th Cir. 2015) (quoting *Bussey v. Macon Cnty. Greyhound Park, Inc.*, 562 F. App'x 782, 787 (11th Cir. 2014)). Here, the proposed class definitions are based on letters sent by Defendant to consumers. Accordingly, Defendant's records can identify each potential class member. *See Graham v. Pyramid Healthcare Solutions, Inc.*, No: 8:16-cv-1324-T-30AAS, 2017 WL 2799928, at *4-5 (M.D. Fla. June 28, 2017) (finding proposed class was ascertainable because the class definition limited class membership to persons who had been provided with the same allegedly defective disclosure). The proposed class definitions also track the elements of the FDCPA and FCCPA claims at issue in this Action, meaning the Settlement Classes will not be over-populated with persons who do not share the FDCPA and FCCPA claims at issue in this Action.

b. **Numerosity.** The Settlement Classes also satisfies the numerosity requirement of Rule 23(a)(1). Here, the FCCPA Class is comprised of 123,118 individuals who received the allegedly defective 1692g notice and the FDCPA Class is comprised of 45,926 individuals who received the allegedly defective 1692g notice. Individual joinder of that many persons would be impracticable. *See Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986). ("[W]hile there is no fixed numerosity rule, 'generally less than twenty-one is inadequate, more than forty adequate, with numbers between varying according to other factors.'" (internal quotation omitted)).

c. **Commonality.** The commonality requirement of Rule 23(a)(2) is also satisfied for purposes of settlement. To establish commonality in the context of the FDCPA, it is generally sufficient that the plaintiff alleges that all class members received the same collection letter. *Agan v. Katzman & Korr, P.A.*, 222 F.R.D. 692, 697 (S.D. Fla. 2004) ("Similarly, a

plaintiff satisfies the commonality requirement when all class members received the same

collection letter."). Here, Plaintiff Dunbar and the Classes' claims originate from the same

conduct, practice, and procedure on the part of Defendant BCC Financial, namely the sending of

a form dunning letter sent to consumers, which contained allegedly defective 1692g notices

(Doc. 1 ¶¶ 10-19, 21-28). As a result, Rule 23(a)'s commonality requirement is satisfied.

    d. **Typicality.** The Settlement Classes also satisfy the typicality requirement

of Rule 23(a)(3). "The claim of a class representative is typical if the claims or defenses of the

class and the class representative arise from the same event or pattern or practice and are based

on the same legal theory. A class representative must possess the same interest and suffer the

same injury as the class members in order to be typical under Rule 23(a)(3)." *Williams v.*

*Mohawk Indus., Inc.*, 568 F.3d 1350, 1356–57 (11th Cir. 2009) (internal citations and internal

quotation marks omitted). Here, Plaintiff Dunbar alleges that she and the Settlement Class

Members were all subjected to the same allegedly unlawful collection activity, through their

common receipt of form collection letters, which contained allegedly defective 1692g notices

(Doc. 1 ¶¶ 10-19, 21-28). For purposes of class settlement, this is sufficient to satisfy Rule

23(a)'s typicality requirement.

    e. **Adequacy.** Plaintiff Dunbar is an adequate representative of the

Settlement Classes under Rule 23(a)(4). She has standing (Doc. 1; Joint Motion at pp. 5-6), is a

member of the Settlement Classes she seeks to represent, and the Court is aware of no

antagonistic interests that exist between her and the Settlement Class members. The Court is also

satisfied that Class Counsel have the qualifications and experience necessary to undertake this

litigation and serve as counsel for the Settlement Classes.

       f.    **Predominance.** The requirements of Rule 23(b)(3) are also satisfied for

purposes of certification of the Settlement Classes. The core common issues of law and fact that

surround the FDCPA claim of the Settlement Class predominate for purposes of settlement over

any individual questions associated with the resolution of that claim. *See e.g. Gaalswijk-Knetzke*

*v. Receivables Mgmt. Servs. Corp.*, 2008 U.S. Dist. LEXIS 124382, *11 (M.D. Fla. Aug. 14,

2008) (finding common issues predominate where "all of the claims of the named Plaintiff and

the class members are based on the same legal theories, the same form collection letters, and the

same remedy—statutory damages"). And because Plaintiff Dunbar seeks class certification for

settlement purposes, the Court need not inquire into whether this Action, if tried, would present

intractable management problems. *Amchem Prods., Inc.*, 521 U.S. at 620; *In re Am. Int'l Grp.,*

*Inc. Sec. Litig.*, 689 F.3d 229, 242 (2d Cir. 2012) ("[M]anageability concerns do not stand in the

way of certifying a settlement class.").

       g.    **Superiority.** For purposes of class settlement, the Court concludes that

use of the class device is also superior to other methods of resolving the issues in this Action

given

> the large number of claims, along with the relatively small statutory damages, the desirability of
> adjudicating these claims consistently, and the probability that individual members would not have
> a great interest in controlling the prosecution of these claims, all indicate that a class action would
> be the superior method of adjudicating Plaintiffs' claims under the FDCPA.

*Muzuco v. Re$ubmitIt, LLC*, 297 F.R.D. 504, 522 (S.D. Fla. 2013) (internal quotations and

citations omitted).

       5.    Accordingly, for the purposes of considering, approving, and effectuating the

Settlement and to fairly and adequately protect the interests of all concerned with regard to all

claims set forth in the Complaint (Doc. 1), the following classes are preliminarily certified for

settlement purposes only:

## FDCPA CLASS

(i) All persons with addresses in the state of Florida (ii) to whom initial communication letters were sent containing the phrase, "If you dispute the debt or any portion thereof by writing or calling this office within 30 days after receiving this notice this office will obtain verification of the debt or a copy of a judgment and mail you a copy of such judgment or verification. If you request this office by writing or calling within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor." (iii) in an attempt to collect a debt incurred for personal, family, or household purposes (iv) which were not returned undelivered by the U.S. Post Office (v) during the one-year period prior to the filing of the original complaint in this action through the date of certification.

Defendant has identified a total of 45,926 potential FDCPA Class Members.

## FCCPA CLASS

(i) All persons with addresses in the state of Florida (ii) to whom initial communication letters were sent containing the phrase, "If you dispute the debt or any portion thereof by writing or calling this office within 30 days after receiving this notice this office will obtain verification of the debt or a copy of a judgment and mail you a copy of such judgment or verification. If you request this office by writing or calling within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor." (iii) in an attempt to collect a debt incurred for personal, family, or household purposes (iv) which were not returned undelivered by the U.S. Post Office (v) during the two-year period prior to the filing of the original complaint in this action through the date of certification.

Defendant has identified a total of 123,118 potential FCCPA Class Members.

Excluded from the Classes are: (a) Defendant, its officers and directors, their immediate families and their legal representatives, heirs, successors, or assigns, and any entity to which Defendant has or had a controlling interest; (b) persons who timely and properly exclude themselves from the Settlement Classes in accordance with the provisions of this Order and Section IV of the Parties' Settlement Agreement; and (c) the federal district and magistrate judges assigned to this Action, along with their spouses and persons within the third degree of relationship to them.

6.     **Appointment of Class Representatives and Class Counsel.** The Court hereby appoints Plaintiff Ella Dunbar as the representative of the conditionally certified Settlement Classes. The Court further designates and appoints James S. Giardina of The Consumer Rights Law Group, PLLC, who the Court finds are experienced and adequate counsel, as the legal counsel for the Settlement Classes ("Class Counsel"). Class Counsel are authorized to represent Plaintiff Dunbar and the Settlement Class Members, to enter into and seek approval of the Settlement on behalf of the Settlement Classes, and to bind Plaintiff Dunbar, all other Settlement Class Members and themselves to the duties and obligations contained in the Settlement, subject to the final approval of the Settlement by the Court.

7.     **Preliminary Settlement Approval**. The Court preliminarily finds that the settlement of the Litigation, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the limits on class liability in FDCPA and FCCPA cases, the benefits to the Class member; the strength of Plaintiff's case; the complexity, expense, and probable duration of further litigation; the amount of discovery engaged in by the parties; the risk and delay inherent in possible appeals; and, the opinions of Class Counsel. *See Leverso v. SouthTrust Bank of AL., N.A.*, 18 F.3d 1527, 1530 (11th Cir. 1994). Specifically, the Court finds that the *cy pres*-only distributions together with equitable relief to the Classes is fair, reasonable, and adequate in light of the large class sizes and the fact that the U.S. Congress and Florida Legislature have set limits on class liability in FDCPA and FCCPA cases, such that class members could never receive more than a *de minimis* recovery from the litigation of this case. In this respect, both the FDCPA and the FCCPA limit statutory damages in class actions to $500,000 or 1% of Defendant's net

worth, whichever is less. 15 U.S.C. § 1692k(a)(2); Fla. Stat. § 559.77(2).  Defendant has attested

that its net worth as of June 30, 2019 was $3,267,000. (Doc. ___; Defendant's Affidavit]).

Accordingly, the maximum each Class could be awarded is $32,670. In order to settle this case,

Defendant has agreed to pay the maximum amount to both Classes; however, because the

Classes are so large, 45,926 and 123,118, respectively, Defendant's maximum liability per Class

Member is very small, $0.71 and $0.26, respectively. Because each Class Member can receive

no more than a *de minimis* recovery there could never be any meaningful distribution to the

Classes. For these reasons, the Court finds that *cy-pres* distributions of the maximum possible

class wide damages of $32,670 to Public Justice, PC and St. Michael's Legal Center for Women

and Children, Inc. who assist consumers appear to be fair, reasonable, and adequate.  As such,

the Court grants preliminary approval to the Settlement under Federal Rule of Civil Procedure

23(e), subject to further consideration at the Fairness Hearing after notice to the Settlement Class

Members.

8.    **Fairness Hearing**. A Fairness Hearing shall be held before this Court on [90 days

after Notice Deadline], beginning at_____, in Courtroom _____of the Middle District

of Florida, United States Courthouse, 801 N. Florida Avenue, Tampa, Florida 33602, to

determine whether (a) the Settlement is fair, reasonable, and adequate such that the Settlement

should be granted final approval by the Court; (b) the certification of the Settlement Classes

should be made final for settlement purposes pursuant to Federal Rule of Civil Procedure 23; (c)

whether Attorneys' Fees and Expenses should be awarded by the Court to Class Counsel, and in

what amount, pursuant to Federal Rule of Civil Procedure 23(h); (d) whether a Service Award

should be approved by the Court to Plaintiff Dunbar, and, if so, in what amount; and (e) whether

a Final Order and Judgment should be entered, and this Action thereby dismissed with prejudice,

pursuant to the terms of the Settlement. The Court may adjourn or reschedule the Fairness

Hearing without further notice to the Settlement Class Members.

9.        **Further Submissions by the Parties**. Any application by Class Counsel for

Attorneys' Fees and Expenses and for a Service Award shall be filed with the Court no later than

[75 Days after the Notice Deadline]. The Claims Administrator shall promptly post the motion to

the Settlement Website after its filing with the Court. All other submissions of the Parties in

support of the proposed Settlement, or in response to any objections submitted by Settlement

Class Members, shall be filed no later than [75 Days after the Notice Deadline]. The Claims

Administrator is directed to file a list reflecting all requests for exclusion it has received from

Settlement Class Members with the Court no later than [70 Days after the Notice Deadline].

10.        **Administration.** The Parties are hereby authorized to retain KCC Class Actions

Services, LLC, at Defendant BCC Financial's expense to administer the proposed Settlement,

and implement the class notification process in accordance with the terms of the Settlement.

11.        **Notice to Federal and State Regulators**. In compliance with the Class Action

Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, and 1711-1715, Defendant, through the

Settlement Administrator defined below, will cause to be served written notice of the proposed

class settlement on the United States Attorney General and the Attorneys General of each state in

which any Class Member resides.

12.        **Notice to the Settlement Classes.** The Court finds that due to the statutory

damages cap providing individual notice by mail to the 169,044 Class Members would be cost

prohibitive. Accordingly, notice by publication is the best notice that is practicable under the

circumstances to provide notice to the Classes of the terms of the settlement and their right to

object. The Court further finds that the Class Notice attached to the Settlement is adequate and

will give all Class Members sufficient information to enable them to make intelligent decisions as to whether to remain Class Members, object to the proposed settlement and its terms, or opt out of the Class Settlement. Accordingly,

a. The Court orders the Settlement Administrator, within twenty-one (21) days following entry of this Order ("the Notice Deadline") and subject to the requirements of this Order and the Settlement, to publish the Class Notice, submitted with the Parties' Joint Motion (Doc.____) via both online and print media campaigns. Specifically, by the Notice Deadline, the Claims Administrator shall begin a 70% reach media campaign inclusive of internet media, targeting Florida adults 18+ delivered on both desktop and mobile devices via the Google Display Network (GDN) and the social media site Facebook over a 30-day period. Further, by the Notice Deadline, the Claims Administrator will produce and place the Summary Notice as a 1/8th page ad unit that will appear in the Legal/Classified section one time in each of the top four circulation newspapers within the state of Florida (Fort Lauderdale Sun Sentinel, Tampa Bay Times, Miami Herald, Orlando Sentinel) and a Florida statewide Press Release (up to 400 words).

b. Following the entry of this Order and prior to the publication of the Class Notice the Parties are permitted by mutual agreement to make changes in the font, format and content of the Class Notice provided that the changes do not materially alter the substance of that notice. Any material substantive changes to those notices must be approved by the Court.

c. The Settlement Administrator shall establish an internet website to inform Settlement Class Members of the terms of the Agreement, their rights, dates and deadlines, and related information. The Settlement Website shall include, in .pdf format, materials agreed upon by the Parties and/or required by the Court, and should be operational and live by the date of the publication of the Class Notice.  At this time, the Court orders that the Settlement Website include the following: i) contact information for Class Counsel, (ii) important dates and FAQs; (iii) the

Agreement, the Class Notice, the Preliminary Approval Order, the Complaint, and, when filed, the

Motion for Attorney's Fees and Final Order and Judgment.

           d. No later than twenty (20) days before the date of the Fairness Hearing, the

Settlement Administrator, and to the extent applicable, the Parties, shall file with the Court a

declaration or declarations, verifying compliance with the aforementioned classwide notice

procedures and a list of Class Members who timely submitted written opt out notices.

      13.    **Findings Concerning the Notice Program**. The Court finds and concludes that

the form, content and method of giving notice to the Settlement Class as described in this Order:

(a) will constitute the best practicable notice under the circumstances; (b) is reasonably

calculated, under the circumstances, to apprise Settlement Class Members of the pendency of

this Action, the terms of the proposed Settlement, and of their rights under and with respect to

the proposed Settlement (including, without limitation, their right to object to or seek exclusion

from, the proposed Settlement); (c) is reasonable and constitutes due, adequate and sufficient

notice to all Settlement Class Members and other persons entitled to receive notice; and (d)

satisfies all applicable requirements of law, including, but not limited to, 28 U.S.C. § 1715,

Federal Rule of Civil Procedure 23(c), and the United States Constitution (including the Due

Process Clause). The Court further finds that the Class Notice is written in simple terminology,

and is readily understandable.

      14.    **Cost Obligations for the Notice Program**. All Costs of Administration,

including those associated with providing notice to the Settlement Classes as well as in

administering the terms of the Settlement, shall be paid by Defendant BCC Financial as set forth

in the Settlement. In the event the Settlement is not approved by the Court, or otherwise fails to

become effective, neither Plaintiff Dunbar, nor Class Counsel, nor the Settlement Class Members

shall have any obligation to Defendant for such costs and expenses.

      15.    **Exclusion ("Opting Out") from the Settlement Class**. Any Settlement Class

Member who wishes to be excluded from the Settlement Class(es) must submit a written request

for exclusion to the Settlement Administrator, postmarked no later than [45 Days after the Notice

Deadline] (the "Exclusion/Objection Deadline"). A request for exclusion must comply with the

requirements set forth in the Class Notice referenced in Section IV of the Agreement, which

requires that to be valid the opt out request must a) state the case name and number; (b)state the

name and address of the Class Member; (c) be personally signed by the Settlement Class

Member requesting exclusion; and (d) include a statement clearly indicating desire to be

excluded from the Settlement Classes, such as "I hereby request to be excluded from the

proposed Settlement Classes in Dunbar v. Symmetry Management Corp. d/b/a BCC Financial

Management Services, Inc."

      16.    Any Settlement Class Member who timely requests exclusion consistent with

these procedures shall not: (a) be bound by a final judgment approving the Settlement; (b) be

entitled to any relief under the Settlement; (c) gain any rights by virtue of the Settlement; or (d)

be entitled to object to any aspect of the Settlement.

      17.    Settlement Class Members who do not exclude themselves from the Settlement

Class(es) in full compliance with the requirements and deadlines of this Order shall be deemed to

have forever consented to the exercise of personal jurisdiction by this Court and shall have

waived their right to be excluded from the Settlement Class(es) and from the Settlement, and

shall thereafter be bound by all subsequent proceedings, orders and judgments in this Action,

including but not limited to the Release contained in the Settlement, regardless of whether they

have requested exclusion from the Settlement Class(es) and even if they initiate litigation against any or all of the Released Parties relating to the Released Claims.

18.    **Objections**. Any Settlement Class Member, who does not exclude themselves from the class, and who complies with the requirements of this paragraph and the procedures specified in the Class Notice, may object to any aspect or effect of the proposed Settlement.

a.    Any Settlement Class Member who has not filed a timely and proper written request for exclusion and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, or to the certification of the Settlement Class(es), or to the award of Attorneys' Fees and Expenses, or to the Service Award, or to any other aspect or effect of the Settlement, or to the Court's jurisdiction, must file a written statement of objection with the Court no later than 5:00 p.m. on [45 Days after the Notice Deadline].

b.    An objection must be in writing, and must include: (i) a statement of each objection being made: (ii) a detailed description of the facts underlying each objection; (iii) a detailed description of the legal authorities underlying each objection; (iv) a statement of whether the objector intends to appear at the Fairness Hearing; (v) a list of witnesses whom the objector may call by live testimony, oral deposition testimony or affidavit during the Fairness Hearing, together with a summary of each witness' anticipated testimony; and (vi) a list of exhibits which the objector may offer during the Fairness Hearing, together with true copies of all the exhibits.

c.    To file a written statement of objection, an objector must mail it to the Clerk of the Court sufficiently in advance that it is received by the Clerk of the Court on or before the Objection/Exclusion Deadline, or the objector may file it in person on or before the Objection/Exclusion Deadline at any location of the United States District Court for the Middle

District of Florida, except that any objection made by a Settlement Class Member represented by his or her own counsel must be filed through the Court's Case Management/Electronic Case Filing (CM/ECF) system. The objection must also be served on Class Counsel and BCC Financial's Counsel.

d.      Any Settlement Class Member who fails to comply with the provisions in this Order for the submission of written statements of objection shall thereby forever waive and forfeit any and all rights he or she may have to appear separately and/or to object, and will be deemed to have consented to the exercise of personal jurisdiction by the Court, consented to the Settlement, consented to be part of the Settlement Class(es), and consented to be bound by all the terms of the Settlement, this Order, and by all proceedings, orders, and judgments that have been entered or may be entered in the Action, including, but not limited to, the Release described in the Settlement. However, any Settlement Class Member who submits a timely and valid written statement of objection shall, unless he or she is subsequently excluded from the Settlement Class(es) by Order of the Court, remain a Settlement Class Member and be entitled to all of the benefits of the Settlement in the event the Settlement is given final approval and the Final Settlement Date is reached.

19.      **Termination of Settlement**. This Order, including the class certification contained in this Order, shall become null and void and shall be without prejudice to the rights of the Parties or Settlement Class Members, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement: (a) is not finally approved by the Court, (b) does not become final pursuant to the terms of the Settlement; (c) is terminated in accordance with the Settlement; or (d) does not become effective for any other reason.

20.    **Use of this Order**. In the event the Settlement does not reach the Final Settlement Date or is terminated in accordance with the Settlement, then: (a) the Settlement and the Agreement, and the Court's Orders, including this Order, relating to the Settlement shall be vacated and shall be null and void, shall have no further force or effect with respect to with respect to any Party in this Action, and shall not be used or referred to in any other proceeding by any person for any purpose whatsoever; (b) the certification of the Settlement Class pursuant to this Order shall be vacated automatically, without prejudice to any Party or Settlement Class Member to any legal argument that any of them might have asserted but for the Settlement, and this Action will revert to the status that existed before the Settlement's execution date; (c) this Action shall proceed pursuant to further Orders of this Court; and (d) nothing contained in the Settlement, or in the Parties' settlement discussions, negotiations or submissions (including any declaration or brief filed in support of the preliminary or final approval of the Settlement), or in this Order or in any other rulings regarding class certification for settlement purposes, shall be construed or used as an admission, concession, or declaration by or against any Party of any fault, wrongdoing, breach or liability in this Action or in any other lawsuit or proceeding, or be admissible into evidence for any purpose in the Action or any other proceeding by any person for any purpose whatsoever. This paragraph shall survive termination of the Settlement and shall remain applicable to the Parties and the Settlement Class Members whether or not they submit a written request for exclusion.

21.    **Continuing Jurisdiction**. This Court shall maintain continuing exclusive jurisdiction over these settlement proceedings to consider all further applications arising out of or connected with the Settlement or this Order, and to assure the effectuation of the Settlement for the benefit of the Settlement Classes.

22.    **Continuance of Fairness Hearing**. The Court reserves the right to adjourn or continue the Fairness Hearing without further written notice to the Settlement Class Members.

**IT IS SO ORDERED** this _____ day of _____, 2020.

_____
UNITED STATES DISTRICT JUDGE