UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ELLA DUNBAR,** on behalf of
herself and all others similarly situated,

                Plaintiff,

**vs.**                                **CASE NO. 8:19-cv-00715-CEH-TGW**

**SYMMETRY MANAGEMENT CORP.**
d/b/a **BCC FINANCIAL MANAGEMENT
SERVICES, INC.**,

                Defendant.
_____/

**FINAL ORDER AND JUDGMENT**

This cause comes before the Court pursuant to the parties' Joint Motion for Class Certification and Final Approval of Class Action Settlement Agreement (Doc. 43) and Plaintiff's Motion for Attorneys' Fees and Expenses (Doc. 44). Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court conducted a Final Fairness Hearing on February 4, 2021, and for the reasons stated herein and at the hearing, the Court will grant the Motions.

    **I.**    **The Litigation and Settlement Agreement**

This class action involves form collection letters used by Defendant that include the following notice:

> If you dispute the debt or any portion thereof by writing or calling this office within 30 days after receiving this notice this office will obtain verification of the debt or a copy of a judgment and mail you a copy of such judgment or

<div style="margin-left:2em">
verification. If you request this office by writing or calling within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.
</div>

(hereinafter "the Verification Notice"). Plaintiff asserts the Verification Notice violates both the FDCPA and the FCCPA by falsely representing that the consumer could invoke their statutory verification rights *orally* when section 1692g of the FDCPA requires that statutory verification rights be invoked *in writing* and requires debt collectors to give consumers written notice of that requirement. Specifically, Plaintiff alleges the Verification Notice violates FDCPA sections 1692g and 1692e, as well as FCCPA section 559.72(9). Defendant denies any fault, wrongdoing, or liability to Mrs. Dunbar or the Settlement Class Members for any relief. After engaging in discovery, the Parties attended mediation where they reached a class-wide settlement subject to court approval.

On May 28, 2020, the Parties filed a Joint Motion for Preliminary Approval of Class Action Settlement and Incorporated Memorandum of Law (Doc. 34) requesting certification of the following classes for settlement purposes:

**FDCPA CLASS**

(i) All persons with addresses in the state of Florida (ii) to whom initial communication letters were sent containing the phrase, "If you dispute the debt or any portion thereof by writing or calling this office within 30 days after receiving this notice this office will obtain verification of the debt or a copy of a judgment and mail you a copy of such judgment or verification. If you request this office by writing or calling within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor." (iii) in an attempt to collect a

debt incurred for personal, family, or household purposes (iv) which were not returned undelivered by the U.S. Post Office (v) during the one-year period prior to the filing of the original complaint in this action through the date of certification.

**FCCPA CLASS**

(i) All persons with addresses in the state of Florida (ii) to whom initial communication letters were sent containing the phrase, "If you dispute the debt or any portion thereof by writing or calling this office within 30 days after receiving this notice this office will obtain verification of the debt or a copy of a judgment and mail you a copy of such judgment or verification. If you request this office by writing or calling within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor." (iii) in an attempt to collect a debt incurred for personal, family, or household purposes (iv) which were not returned undelivered by the U.S. Post Office (v) during the two-year period prior to the filing of the original complaint in this action through the date of certification.

On October 9, 2020, the Court entered an Order pursuant to Rule 23 of the Federal Rules of Civil Procedure certifying this case as a class action. (Doc. 40) Among other things, the Court determined that the Classes satisfied the requirements of numerosity, commonality, typicality, adequacy, predominance, and superiority.

On October 9, 2020, the Court also granted the Parties' request for preliminary approval of their settlement agreement, which requires Defendant to: (1) make a *cy pres* distribution of $32,670 on behalf of each class, which is equal to the maximum statutory damages available to the Classes under the FDCPA and FCCPA[1]; (2) agree to be enjoined from using the Verification Notice; (3) pay Plaintiff Ella Dunbar

---

[1] Both the FDCPA and the FCCPA limit statutory damages in class actions to $500,000 or 1% of Defendant's net worth, whichever is less. 15 U.S.C. § 1692k(a)(2); Fla. Stat. § 559.77(2).  Defendant has attested that the sum of $32,670 is equal to 1 per centum of Defendant's net worth as of June 30, 2019. (Doc. 34-4).

individual FDCPA statutory damages of $1,000.00, individual FCCPA statutory damages of $1,000.00, and a Service Award of $2,000.00; (4) bear all costs of class administration and notice; and (5) pay Class Counsel's reasonable attorneys' fees to be approved by the Court with Defendant agreeing not to oppose a request of up to $25,000 and Plaintiff agreeing not to seek more than $45,000. In so ordering, the Court found that the proposed settlement appeared to be fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the limits on class liability in FDCPA and FCCPA cases, the benefits to the Class members; the strength of Plaintiff's case; the complexity, expense, and probable duration of further litigation; the amount of discovery engaged in by the parties; the risk and delay inherent in possible appeals; and, the opinions of Class Counsel. *See Leverso v. SouthTrust Bank of AL., N.A.*, 18 F.3d 1527, 1530 (11th Cir. 1994).

Recognizing that individual notice by mail would be cost prohibitive due to the statutory damages cap, the Court approved notice to the class by publication via online and print media campaigns. The Court has been informed that the Settlement Administrator published the approved Class Notice in print on October 28, 2020 and October 20, 2020 and digitally from October 30, 2020 to November 30, 2020 and that it reached 70% of likely Class Members. *See* Declaration of Class Administrator, attached to the Joint Motion for Final Approval of Class Action Settlement Agreement (Doc. 43), as Exhibit A (Doc. 43-1). Accordingly, the Court finds the class notification was properly effectuated.

In preliminarily approving the settlement, the Court established a deadline of December 15, 2020 for any members of the Classes to opt out or object to the settlement. (Doc. 40, at ¶ 15) None of the Class Members opted out or filed an objection. *See* Declaration of Settlement Administrator (Doc. 42). The low opt-out and objection rates weigh in favor of granting final approval of the settlement. *See, e.g., Saccoccio v. JP Morgan Chase Bank, N.A.*, 297 F.R.D. 683, 694 (S.D. Fla. 2014).

## II. Attorneys' Fees and Expenses

When the Court preliminarily approved the settlement, it approved the parties' agreement to cap fees at $45,000, but indicated the final fee award was subject to the Court's approval. With her Motion for Fees and Expenses (Doc. 44), Plaintiff provided documentation supporting her request for fees and expenses in the total amount of $45,000. The Court has reviewed the Motion and supporting documents and finds that the request is reasonable.

## III. Final Approval

A district court's adoption of a class action settlement is governed by Federal Rule of Civil Procedure 23(e). That rule requires that the settlement be "fair, reasonable and adequate." The Court, being fully advised on the premises, hereby Orders:

1. The Court finds that the settlement was entered into by the Parties for the purpose of settling and compromising disputed claims and does not constitute an admission by the parties hereto of any wrongdoing or liability.

2. The Court finds that the provisions for notice to the Classes satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.

3. For the reasons explained in the Order Granting Preliminary Approval, the Court finds that the settlement is fair, reasonable, and adequate, and in the best interest of all those affected by it. The Court hereby approves the Class Action Settlement Agreement.

4. The FDCPA and FCCPA Classes defined above are **CERTIFIED**.

5. Within 14 days of the Effective Date (as defined in the Class Action Settlement Agreement), Defendant shall make a check payable to the Public Justice Foundation in the amount of $32,670, a *cy pres* distribution, which shall be delivered to The Consumer Rights Law Group, PLLC located at 3104 W Waters Ave, Suite 200, Tampa, FL 33614.

6. Within 14 days of the Effective Date (as defined in the Class Action Settlement Agreement), Defendant shall make a check payable to Saint Michaels Legal Center for Women and Children, Inc. in the amount of $32,670, a *cy pres* distribution, which shall be delivered to The Consumer Rights Law Group, PLLC located at 3104 W Waters Ave, Suite 200, Tampa, FL 33614.

7. Upon agreement of the parties, Defendant is enjoined from sending dunning letters with the Verification Notice, which represent that consumers can invoke their verification rights orally.

8. Within 14 days of the Effective Date (as defined in the Class Action Settlement Agreement), Defendant shall pay Plaintiff statutory damages, totaling $2,000.00, with a check made payable to The Consumer Rights Law Group, PLLC and delivered to The Consumer Rights Law Group, PLLC located at 3104 W Waters Ave, Suite 200, Tampa, FL 33614.

9. Within 14 days of the Effective Date (as defined in the Class Action Settlement Agreement), Defendant shall pay Plaintiff's counsel's attorneys' fees and costs in the total amount of $45,000.00, with a check made payable to The Consumer Rights Law Group, PLLC and delivered to The Consumer Rights Law Group, PLLC located at 3104 W Waters Ave, Suite 200, Tampa, FL 33614.

10. The Court retains jurisdiction over the interpretation, enforcement, and implementation of the Class Action Settlement Agreement and of this Final Order and Judgment.

11. Upon entry of this Final Order and Judgment, the Class Representive and each Settlement Class Member hereby releases and forever discharges Defendant, and each of its respective parent, sister, and subsidiary, corporate and other related entities, and all of their owners, directors, officers, employees, agents, predecessors, successors, assigns, insurers and attorneys from any and all claims for relief, known or unknown, that were raised or could have been raised by Plaintiff and the Settlement Class Members from Defendant's representation that consumers could invoke their statutory verification rights under the

FDCPA orally, including, but not limited to, claims arising under the FDCPA and FCCPA.

12. It is therefore **ORDERED AND ADJUDGED** that the Parties' Joint Motion for Final Approval of Class Settlement Agreement (Doc. 43) is **GRANTED** in part and **DENIED** in part.  The motion is denied to the extent that Plaintiff, as class representative, will not receive an incentive award.  *See Johnson v. NPAS Solutions, LLC*, 975 F.3d 1244 (11th Cir. 2020).  Plaintiff's Motion for an Award of Attorneys' Fees and Expenses (Doc. 44) is **GRANTED** as set forth in this Final Order and Judgment.

13. This case is hereby dismissed with prejudice.  The Clerk of Court is **DIRECTED** to close this case.

    **DONE AND ORDERED** in Tampa, Florida on February 26, 2021.

*[Signature: Charlene Edwards Honeywell]*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
Counsel of Record